179 F.Supp.2d 1260 (2001)
In re: CFS-RELATED SECURITIES FRAUD LITIGATION
AUSA
v.
Bartmann
Nos. 99-CV-825KJ, 00-CV-111KJ.
United States District Court, N.D. Oklahoma.
December 27, 2001.
*1261 Lowell E Sachnoff, Jeffrey T Gilbert, James A Rolfes, Sachnoff & Weaver Ltd, Chicago, IL, David L Bryant, Bryant Law Firm, Tulsa, for plaintiffs.
Pamela Helena Goldberg, James M Reed, Richard Mark Petrich, Hall Estill Hardwick Gable, Golden & Nelson, Tulsa, OK, for William R. Bartmann, Kathryn A. Bartmann, defendants.
Charles Robert Burton, IV, R Thomas Seymour, R Thomas Seymour Attys, Tulsa, OK, Fred Randolph Lynn, Tulsa, OK, for Gertrude A. Brady, defendant.
Andrew R Turner, Timothy Terah Trump, C Raymond Patton, Conner & Winters, Tulsa, OK, Montgomery L Lair, Brewster & De Angelis PLLC, Tulsa, OK,for Jay L. Jones, defendant.
Eric S Eissenstat, Terry Warren Tippens, John Barnes Heatly, Fellers Snider Blankenship, Bailey & Tippens, Oklahoma City, OK, for Michael C. Temple, defendant.
*1262 Paul DeMuro, Fred Dorwart Lawyers, Tulsa, OK, Thomas C Rice, Elizabeth A Fuerstman, Simpson Thacher & Bartlett, New York City, Michael A O'Connor, Chase Manhattan Bank Legal Dept, New York City, for Chase Securities, Inc., defendant.
J. Douglas Mann, John Edward Howland, Rosenstein Fist & Ringold, Tulsa, OK, Richard Parker Hix, Richard H. Foster, Doerner Saunders Daniel & Anderson, Tulsa, OK, Vance L. Beagles, Ralph I. Miller, Penny P. Reid, Weil Gotshal & Manges LLP, Dallas, TX, for Arthur Andersen, L.L.P., consolidated defendant.

ORDER
JOYNER, United States Magistrate Judge.
Now before the Court is Plaintiffs' motion to compel the production of documents by Defendant Chase Securities, Inc. ("CSI"). [Doc. No. 200]. Having reviewed the parties' briefs, the Court finds that Plaintiffs' motion to compel should be DENIED.

I. BACKGROUND
Plaintiffs filed their complaint in this case on September 30, 1999. The complaint asserts various claims under the 1934 Securities Act, the Oklahoma Securities Act, and various tort claims under Oklahoma law. CSI filed its answer to the complaint on February 1, 2000. See Doc. Nos. 36 and 123. In the interim, CSI served interrogatories and requests for production of documents on Plaintiffs on December 30, 1999, and Plaintiff served a request for production of documents on CSI on January 14, 2000. See Doc. No. 204, Exhibits 2 and 3.
Plaintiff responded to CSI's request for documents on January 31, 2000 and CSI responded to Plaintiffs' request for documents on February 22, 2000. See Doc. No. 204, Exhibits 4 and 5. In its response to Plaintiffs' discovery requests, CSI objected to certain of Plaintiffs' requests, but agreed to produce "non-privileged documents that may be responsive to this request at a mutually agreeable date, time and location." Id. at Exhibit 5, p. 4.
On March 17, 2000, three weeks after CSI served Plaintiffs with its response to their requests for production of documents, individual Defendants Gertrude Brady and Michael Temple filed motions to dismiss the Plaintiffs' complaint as to them. See Doc. Nos. 54, 56 and 57. Two months later, on May 22, 2000, CSI filed its own motion to dismiss crossclaims pled against it by William and Kathryn Bartmann.[1]
Following the filing of the motions to dismiss mentioned above, neither CSI nor Plaintiffs produced any documents in response to their earlier discovery requests. CSI argues that pursuant to the discovery stay in 15 U.S.C. § 78u-4(b)(3)(B), which stays discovery in certain securities cases while a motion to dismiss is pending, CSI cannot now be compelled to respond to Plaintiffs' earlier discovery requests.

II. DISCUSSION
Congress passed the Private Securities Litigation Reform Act ("PSLRA") on December 22, 1995. The PSLRA added a provision to the 1934 Securities Act which *1263 mandates a stay of discovery with the following language:
In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.
15 U.S.C. § 78u-4(b)(3)(B).

A. CSI HAS ESTABLISHED THE PRIMA FACIE ELEMENTS FOR A STAY OF DISCOVERY UNDER THE PSLRA.
As the language of § 78u-4(b)(3)(B) makes clear, the PSLRA's discovery stay only applies when there is (1) a private action, (2) which arises under Chapter 2B of the 1934 Securities Act, and (3) in which a motion to dismiss is pending. There is no debate that this is a private action. In this private action, Plaintiffs assert § 10(b) and § 20(a) claims under the 1934 Securities Act. See 15 U.S.C. §§ 78j(b) and 78t(a). Plaintiffs do not dispute that their § 10(b) and § 20(a) claims arise under Chapter 2B of the 1934 Securities Act. Thus, the first two requirements for a stay of discovery under § 78u-4(b)(3)(B) are met.
There is no dispute that certain defendants in this action have filed motions to dismiss the Plaintiffs' complaint, but that CSI is not one of them. Plaintiffs suggest that because CSI has not filed a motion to dismiss, the PSLRA's discovery stay does not apply to CSI, and discovery should proceed as to CSI. Such an interpretation of the PSLRA's discovery stay is not, however, supported by § 78u-4(b)(3)(B)'s language. The statute specifically states that discovery shall be stayed "during the pendency of any motion to dismiss ...." 15 U.S.C. § 78u-4(b)(3)(B) (emphasis added). Given that there is a motion to dismiss claims which arise under Chapter 2B of the 1934 Securities Act pending, the Court finds that the last threshold element for a discovery stay under the PSLRA is established, and that discovery in this case must be stayed unless Plaintiffs' can demonstrate that they fall within one of the exceptions in § 78u-4(b)(3)(B)'s "unless" clause.[2]
As long as any defendant has filed a motion to dismiss claims arising under Chapter 2B of the 1934 Securities Act, the PSLRA stays "all discovery," even discovery against answering, non-moving defendants. If this were not so, the PSLRA's stay would be of little benefit to those defendants who do move to dismiss. If a plaintiff and a non-moving defendant are engaging in discovery, a moving defendant is going to want to be part of that process to protect its own interests. At a minimum, a moving defendant will want to *1264 monitor the discovery occurring between plaintiffs and the non-moving defendants to insure that its rights are not prejudiced. To prevent this and to ensure that the PSLRA's discovery stay fulfills its purpose, Congress stayed "all discovery" upon the filing of "any" motion to dismiss directed at claims arising under Chapter 2B of the 1934 Securities Act.
Allowing discovery to proceed against certain defendants while the PSLRA's stay is in effect with regard to other defendants would also be very inefficient, especially in litigation such as this involving a large number of parties. Plaintiffs have propounded a set of document requests on CSI which necessarily seek information Plaintiffs deem relevant to their causes of action. Plaintiffs are not, however, the only parties interested in obtaining discovery from CSI. CSI has many co-defendants in this action which more than likely want to point the finger away from themselves and toward CSI, and will need discovery from CSI in order to do so. Certain defendants have also filed crossclaims against CSI seeking affirmative recovery from CSI. These crossclaimants also have a discovery agenda which may not be completely harmonious with that of the Plaintiffs. If Plaintiffs are permitted to proceed with their discovery now, CSI will have to review a mountain of documents to respond to Plaintiffs' requests, and then CSI will have to review that mountain again when the crossclaimants and those co-defendants with pending motions to dismiss propound their discovery requests once the PSLRA's discovery stay is lifted. As the Court previously indicated,[3] it intends to require consolidated discovery requests to prevent this type of inefficiency, and the PSLRA's stay of "all discovery" upon the filing of a motion to dismiss claims arising under Chapter 2B of the 1934 Act ensures that parties will not be subject to multiple rounds of discovery requests. The PSLRA's stay of all discovery also preserves the Court's opportunity to coordinate discovery once it determines that those claims arising under Chapter 2B have been sufficiently pled.

B. PLAINTIFFS HAVE NOT ESTABLISHED AN EXCEPTION TO THE PSLRA'S DISCOVERY STAY.
The PSLRA's discovery stay is applicable unless Plaintiffs can demonstrate that particularized discovery is necessary to preserve evidence or that particularized discovery is necessary to prevent undue prejudice. 15 U.S.C. § 78u-4(b)(3)(B). See also Mishkin v. Ageloff, 220 B.R. 784, 792 (S.D.N.Y.1998). The Court finds that Plaintiffs have not carried their burden of establishing that either of these exceptions apply in this case.

1. Plaintiffs Have Not Demonstrated That Any Additional Measures Are Needed To Preserve Evidence in This Litigation.
The Court has already entered two evidence preservation orders in this case  one directed at third parties and one directed at parties. See respectively Doc. Nos. 158 and 159. The PSLRA itself also provides Plaintiffs with statutory protection, requiring parties to treat evidence in their custody or control as if it were the subject of a continuing discovery request during the pendency of any stay imposed by the PSLRA. See 15 U.S.C. § 78u-4(b)(3)(C)(i). Other than conclusory concerns about the fading memory of witnesses, which is a problem inherent in all litigation, Plaintiffs have not demonstrated any particular threat that evidence would be lost or destroyed if they are not permitted *1265 to engage in discovery now. Plaintiffs have, therefore, failed to demonstrate that any additional measures, let alone "particularized" discovery, are needed to preserve evidence in this litigation.

2. Plaintiffs Have Not Demonstrated That Particularized Discovery is Necessary to Prevent Them From Suffering Undue Prejudice.
Plaintiffs need not show irreparable harm to demonstrate "undue" prejudice. "Undue" prejudice is prejudice that is improper or unfair under the circumstances. Medical Imaging Centers of America, Inc. v. Lichtenstein, 917 F.Supp. 717, 720 (S.D.Ca.1996). Prejudice caused by the delay inherent in the PSLRA's discovery stay cannot be "undue" prejudice because it is prejudice which is neither improper nor unfair. Rather, it is prejudice which has been mandated by Congress after a balancing of the various policy interests at stake in securities litigation, including a plaintiff's need to collect and preserve evidence. As discussed below, the Court finds that Plaintiffs have failed to articulate any prejudice which is not inherent in the fact that the PSLRA imposes a stay in this case. In other words, Plaintiffs have failed to demonstrate any prejudice which is undue.
Plaintiffs argue that they are being prejudiced by the fact that motions to dismiss have been pending in this case for more than a year. Plaintiffs argue that with each passing day witnesses' memories are fading, and that each day makes it less likely that Plaintiffs will be able to refresh those witnesses' memories when the time comes for them to testify. Plaintiffs also argue that during any delay, evidence will invariably be lost, advertently or inadvertently. Plaintiffs argue that these concerns are particularly acute in this litigation because most of the evidence of alleged fraud is in the custody of the defendants or third parties over whom they have no control.[4] The Court finds that these types of wholly speculative assertions as to the risk of losing evidence are not sufficient to establish undue prejudice within the meaning of § 78u-4(b)(3)(B). See Novak v. Kasaks, No. 96-CIV-3073(AGS), 1996 WL 467534, at *1 (S.D.N.Y. Aug.16, 1996). While the Court understands Plaintiffs' genuine concern about their ability to obtain and preserve evidence, Plaintiffs have not demonstrated a specific instance in which the loss of evidence is imminent as opposed to merely speculative.
The concerns which Plaintiffs raise are presented in all securities cases in which the PSLRA's discovery stay is triggered. It is generally the case that in a securities fraud case the evidence of fraud is primarily within the defendant's control. It is also generally the case that during any stay of discovery recollections fade and the risk of inadvertent loss of evidence is marginally increased. These concerns are inherent in the stay which Congress mandated when it enacted § 78u-4(b)(3)(B), and Plaintiffs have not demonstrated that they are faced with a type or degree of prejudice distinct from that inherent in all stays of discovery. In others words, Plaintiffs have not demonstrated prejudice which is improper or unfair under the circumstances.
*1266 Plaintiffs cite to three district court opinions which, they argue, would require CSI to proceed with discovery in this case. See In re Flir Systems, Inc. Securities Litigation, No. Civ.-00-360-HA, 2000 WL 33201904 (D.Or. Dec.13, 2000); Vacold LLC v. Cerami, No. 00-CIV-4025(AGS), 2001 WL 167704 (S.D.N.Y. Feb.16, 2001); and Tobias Holdings, Inc. v. Bank United Corp., 177 F.Supp.2d 162 (S.D.N.Y.2001). The Court has reviewed these cases and finds them unpersuasive given the facts of this case.
In Flir the Court was primarily motivated by the defendants' heavy-handed attempts to prevent a willing third party from talking to the plaintiff. In Flir the plaintiff sued the president and CFO of Flir Systems, Inc. for securities fraud, alleging that the defendants falsely booked sales and revenue. Mr. Palmquist, a former Flir employee who was not a defendant in the securities litigation, filed his own action in state court and alleged in a verified complaint that the defendants in the securities action engaged in the same type of improper accounting practices alleged by the plaintiff in the securities fraud case. The plaintiff in Flir wished to interview Mr. Palmquist, and Mr. Palmquist was willing to speak to plaintiff until the defendants in the securities action threatened to sue Mr. Palmquist if he spoke to the plaintiff absent a subpoena. To prevent such abuses by the securities fraud defendants, the court lifted the PSLRA's discovery stay and permitted the plaintiff to issue a subpoena to Mr. Palmquist. None of the concerns which prompted the court to lift the stay in Flir are present in this case.[5]
Vacold was an insider trading case in which two companies, Immunotherapy, Inc. and Cerami, Inc., entered into a joint venture to develop virtual lymph node technology. Cerami allegedly convinced Immunotherapy that the joint venture was out of cash and there were no investors on the horizon. Cerami then allegedly offered to buy Immunotherapy's share of the joint venture. After the sale was closed, Immunotherapy alleges that it discovered that Cerami had been able to secure $3 million in financing for the venture from Johnson & Johnson's subsidiary, Ortho Biotech. Cerami moved to dismiss Immunotherapy's complaint, arguing that no misrepresentations had occurred because the Johnson & Johnson financing was not received until after Immunotherapy had agreed to sell its interest in the joint venture. Reviewing the complaint, the court found that, drawing all inferences in the plaintiff's favor, there was a reasonable inference that the Johnson & Johnson financing had been arranged prior to the sale by Immunotherapy. The inference was apparently confirmed in the court's mind by the fact that Cerami would not disclose, during oral argument on the motion to dismiss, the date on which the financing had been arranged. Rather than denying the motion to dismiss and allowing discovery to proceed, the Court took the motion to dismiss under advisement and *1267 lifted the PSLRA's discovery stay for the sole purpose of allowing plaintiff to discover when the Johnson & Johnson financing had been arranged.
Vacold is distinguishable on its facts. As an initial matter, the Court finds the procedure used in Vacold is questionable. Having found that the allegations in the complaint supported a reasonable inference that the Johnson & Johnson financing was arranged before Immunotherapy sold its interest to Cerami, the court should have denied the motion to dismiss and allowed discovery to proceed. At most Vacold stands for the proposition that when a plaintiff can allege all facts necessary to sustain a securities fraud claim, with the exception of facts peculiarly within the defendant's possession, the PSLRA's stay may be lifted to allow discovery of those facts peculiarly within the defendants' possession. Doing so prevents the defendant from using the PSLRA's discovery stay to insulate itself completely from liability, which would constitute undue prejudice. Limiting discovery to those facts peculiarly in the defendant's possession also satisfies the PSLRA's "particularity" requirement.
Plaintiffs in this case have not made a showing similar to the plaintiffs in Vacold. Plaintiffs' claims against CSI are not subject to a motion to dismiss. Plaintiffs do not, therefore, need particularized discovery from CSI to prevent CSI from using the PSLRA to insulate itself from liability under the securities laws. Plaintiffs have also not attempted to establish that discovery is needed from CSI to prevent other defendants from using the PSLRA's discovery stay to insulate themselves from liability.
In Tobias the plaintiff invoked the court's federal question jurisdiction under 28 U.S.C. § 1331 and asserted federal securities claims under Chapter 2B of the 1934 Securities Act. Plaintiff also invoked the court's diversity of citizenship jurisdiction under 28 U.S.C. § 1332 and asserted state breach of contract and tortious interference with business relations claims. The issue presented was whether the PSLRA's discovery stay, which clearly applied to the claims brought under Chapter 2B of the 1934 Securities Act, applied to plaintiff's state law claims. The court held that the PSLRA's stay was not applicable because the state law claims had their own jurisdictional basis (i.e., diversity jurisdiction) and because the state law claims were not just state analogs to the federal securities claims. Rather, the state claims were for breach of contract and tortious interference which involved factual issues distinct from the securities fraud claims. Because plaintiff could have brought the state law claims in federal court independent of the federal securities claims, the court found that plaintiff should not be penalized for bringing his independent state law and federal claims in the same case.
Plaintiffs in this case have not sought to limit their discovery to their state law claims. Plaintiffs in this case have also not demonstrated that they have an independent jurisdictional basis for their state law claims. The Court fails, therefore, to see the relevance of the holding in Tobias to this case.

C. PLAINTIFFS' DISCOVERY REQUESTS ARE NOT PARTICULARIZED
The Court agrees with CSI that even if Plaintiffs were able to establish a need for evidence preservation or undue prejudice, Plaintiffs have not propounded "particularized" discovery requests. A cursory review of Plaintiffs' request for production of documents establishes that Plaintiffs are in fact seeking to require CSI to respond to very broad discovery *1268 requests seeking documents relating to all aspects of CSI's relationship with CFS and the underlying securities transactions. See Doc. No. 204, Exhibit 3. These are not "particularized" discovery requests.

CONCLUSION
Plaintiffs' motion to compel Chase Securities, Inc. to produce documents is DENIED. [Doc. No. 200]. The PSLRA's discovery stay is still in effect.
IT IS SO ORDERED.
NOTES
[1] When CSI answered Plaintiffs' complaint, it also asserted crossclaims against individual Defendants William Bartmann, Kathryn Bartmann, Jay Jones, Gertrude Brady and Michael Temple. Doc. Nos. 36 and 123. The Bartmanns then filed crossclaims against CSI. See Doc. No. 52. The individual defendants have each moved to dismiss CSI's crossclaims and CSI has itself moved to dismiss the Bartmanns' crossclaims.
[2] CSI points out that the individual defendants have filed motions to dismiss CSI's crossclaims, and that CSI has itself filed a motion to dismiss crossclaims filed against it by the Bartmanns. CSI suggests that these motions to dismiss are themselves sufficient to trigger the PSLRA's discovery stay. The Court has briefly reviewed these crossclaims (doc. nos. 52 and 123) at issue, and it is not convinced that the indemnity, contribution, negligence and fraud claims raised in these pleadings arise under Chapter 2B of the 1934 Securities Act, or that, given its legislative history, the PSLRA's stay should apply to a motion seeking only to dismiss claims which do not arise under Chapter 2B of the 1934 Securities Act. However, because the parties have not adequately briefed the issue, the Court will not now decide it. If, once all of the motions to dismiss the § 10(b) and § 20(a) claims in this case have been decided, there is a dispute about whether the PSLRA's discovery stay is triggered by the filing of a motion to dismiss claims not arising under Chapter 2B of the 1934 Securities Act, the parties may raise that issue upon proper briefing.
[3] See Doc. No. 114, p. 5, ¶ 4(d) (order setting agenda for case management conference).
[4] Plaintiffs also argue that if they had access to CSI's documents they would be better able to identify third parties to whom a protective subpoena should be issued to preserve evidence. However, Plaintiffs, who were themselves parties to the transactions underlying this litigation, have failed to demonstrate why, without CSI's documents, they are unable to identify relevant third parties.
[5] The court deciding Flir sits in the Ninth Circuit. While the result in Flir certainly does justice, the Court finds that the holding in Flir is in substantial conflict with the Ninth Circuit's holding in SG Cowen Securities Corp. v. U.S.D.C., N.D.Ca, 189 F.3d 909 (9th Cir. 1999). In Cowen, the Ninth Circuit held that the PSLRA stays discovery until a court has sustained the legal sufficiency of the complaint raising claims under Chapter 2B of the 1934 Securities Act. Id. at 912-13 (citing S.Rep. No. 104-98, p. 14). According to the Ninth Circuit, a failure to muster facts sufficient to meet the PSLRA's pleading requirements cannot constitute undue prejudice. Id. at 913. Consequently, a plaintiff cannot seek a lifting of the PSLRA's discovery stay to obtain evidence to bolster its securities fraud allegations; something the plaintiff in Flir was clearly attempting to do.