### In re: INITIAL PUBLIC OFFERING SECURITIES LITIGATION

### This Document Relates To: All Cases

### No. 21 MC 92(SAS).

United States District Court,
S.D. New York.

May 20, 2002.

Melvyn I. Weiss, Ariana J. Tadler, Milberg Weiss Bershad Hynes & Lerach LLP, Stanley Bernstein, Robert Berg, Bernstein Liebhard & Lifshitz, LLP, New York City, for Plaintiffs.

Gandolfo V. DiBlasi, Sullivan & Cromwell, New York City, for Defendants (Underwriters).

Jack C. Auspitz, Morrison & Foerster LLP, New York City, for Defendants (Issuers).

### *ORDER*

SCHEINDLIN, District Judge.

The Private Securities Litigation Reform Act ("PSLRA") mandates that "all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss [a complaint brought under the 1933 Securities Act or the 1934 Exchange Act], *unless* the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence

or *to prevent undue prejudice* to that party." 15 U.S.C. § 77z1(b)(3) (emphasis added). Plaintiffs have argued that they will be unduly prejudiced unless the stay on discovery is lifted but admit that the only possible "undue prejudice is simple delay." 3/25/02 Transcript of Oral Argument ("Tr.") at 11. *See also* Plaintiffs' Memorandum of Law in Support of Motion to Compel Particularized Discovery ("Pl. Mem."), at 9–11. Nonetheless, plaintiffs argue that a stay on discovery is unduly prejudicial in this particular case given the size and complexity of the litigation. *See* Tr. at 12; Pl. Mem. at 10 ("The challenges faced by plaintiffs in pursuing their claims and expediting this mammoth litigation are innumerable.").

Plaintiffs' argument to compel discovery fails because delay is an inherent part of every stay of discovery required by the PSLRA.[1] The prohibition against plaintiffs conducting discovery while a motion to dismiss the complaint is pending reflects the balance that Congress chose to strike between the rights of defendants and plaintiffs in securities actions by allowing a defendant to test the adequacy of the complaint before incurring the burden and expense of responding to extensive discovery demands. As a result, Congress could not have intended that the delay that it approved could, by itself, qualify as undue prejudice.[2] *See Medhekar v. United States District Court*, 99 F.3d 325, 327–28 (9th Cir.1996) (holding that automatic stay covers Rule 26 initial disclosures even though "[it] might lead to unnecessary or unreasonable delays in the early stages of litigation" because such delay is contemplated by the PSLRA); *In re CFS–Related Secs. Fraud Litig.*, 179 F.Supp.2d 1260, 1265 (N.D.Okla.2001) ("Prejudice caused by the delay inherent in the PSLRA's discovery stay cannot be 'undue' prejudice because it is prejudice which is neither improper nor unfair.").[3]

It is true that this case "represents a consolidation of unique proportions," *In re Initial Pub. Offering Secs. Litig.*, 174 F.Supp.2d 70, 72 (S.D.N.Y.2001), but this argument fails to support a finding of undue prejudice for two reasons. *First,* nothing in language of the PSLRA or its legislative history supports giving more weight to the delay inherent in the automatic stay provision because the case is unusually complex. It is well-known that securities actions vary in size from small lawsuits to large consolidations and that motions to dismiss might not be resolved for many months, or years, after the initial complaint is filed. Congress could have enacted a law that considered the amount of delay and the size of the litigation when determining whether a stay of discovery should be imposed. But Congress did not enact such a law and it is beyond the authority of this Court to rewrite the statute in order to take such policy considerations into account. *See Artuz v. Bennett,* 531 U.S. 4, 10, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) ("Whatever merits these and other policy arguments may have, it is not the province of this Court to rewrite the statute to accommodate them.").

*Second,* while the size of the litigation is unique, so are the resources that plaintiffs

---

1. I make no findings with respect to whether the plaintiffs' requested discovery is "particularized." 15 U.S.C. § 77z1(b)(3).

2. Under what circumstances delay might contribute to undue prejudice, when coupled with other evidence of prejudice, is not an issue raised by this motion.

3. "The Second Circuit has not yet interpreted the PSLRA's discovery stay provision. However, courts have defined the 'undue prejudice' sufficient to overcome the statutory bar as 'improper or unfair treatment' amounting to something less than irreparable harm." *Vacold LLC v. Cerami,* No. 00 Civ. 4024, 2001 WL 167704, at *6 (S.D.N.Y. Feb. 16, 2001) (citation omitted).

can devote to it. Eleven major law firms are now members of the Plaintiffs' Executive and Steering Committees and there are approximately fifty law firms serving as additional counsel to the plaintiffs. *See In re Initial Pub. Offering Secs. Litig.*, 174 F.Supp.2d at 99–100 (listing plaintiffs' counsel). Given such resources, there is no reason that discovery will not proceed in an expedited fashion if and when the defendants' motions to dismiss are denied.

Because the plaintiffs have failed to show that they will be unduly prejudiced, the motion to compel discovery is denied.

SO ORDERED.