In re WORLDCOM, INC. SECURITIES LITIGATION.

**This Document Relates to: All Actions.**

**No. 02 CIV.3288 (DLC).**

United States District Court,
S.D. New York.

Nov. 21, 2002.

See, also, 2002 WL 31095170.

Max W. Berger, John P. Coffey, Bernstein Litowitz Berger & Grossmann LLP, New York, NY, Leonard Barrack, Gerald J. Rodos, Jeffrey W. Golan, Barrack, Rodos, Bacine, Philadelphia, PA, for Lead Plaintiff.

Paul Curnin, Simpson Thacher & Bartlett, New York, NY, for WorldCom Director Defendants.

Jay B. Kasner, John Gardner, Skadden, Arps, Slate, Meagher & Flom LLP, New York, NY, for Underwriter Defendants.

Eliot Lauer, Curtis, Mallot, Prevost, Colt & Mosley, New York, NY, for Arthur Anderson, LLP.

Juliet Rotenberg, Arnold & Porter, Washington, DC, for Defendant Scott Sullivan.

David Wertheimer, Lyndon Tretter, Hogan & Hartson, New York, NY, for Defendant Bernard J. Ebbers.

### OPINION AND ORDER

COTE, District Judge.

Lead plaintiff New York State Common Retirement Fund ("NYSCRF") moves for an Order modifying the discovery stay imposed pursuant to Section 21D(b)(3)(B) of

---

14. *See, e.g., Smylis,* 983 F.Supp. at 483–84.

the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B), to permit it to obtain copies of certain documents and materials which related non-party World-Com, Inc. ("WorldCom") has already produced to other entities. Specifically, NYSCRF seeks copies of certain documents and materials which WorldCom has produced to any committee of the legislative branch of the U.S. government or to any entity of the executive branch, including the Department of Justice and the Securities and Exchange Commission ("SEC"). NYSCRF also requests that copies of certain documents and materials which WorldCom has produced to Wilmer, Cutler & Pickering ("Wilmer") in connection with Wilmer's representation of the Special Investigative Committee of World-Com's board of directors be made available to NYSCRF after Wilmer has delivered its final report to WorldCom's board. The WorldCom Director Defendants[1] submitted an opposition on November 18, which certain Underwriter Defendants[2] joined. Defendant Arthur Andersen LLP ("Andersen") also submitted an opposition on that date. NYSCRF submitted its reply on November 20. The U.S. Attorney for the Southern District of New York ("U.S.Attorney"), which is conducting a criminal investigation of WorldCom's accounting and business practices, has submitted a letter to be considered in connection with this motion. It does not oppose the production of documents that is sought through this application. For the reasons stated, NYSCRF's motion is granted.

## Background

This class action arises out of the recent collapse of what was, in 1998, the second largest telecommunications company in the world.[3] On June 25, 2002, WorldCom announced that it would have to restate its publicly-reported financial results for 2001 and the first quarter of 2002 because it had, among other things, improperly treated more than $3.8 billion in ordinary costs as capital expenditures, in violation of generally accepted accounting principles. Since that date, WorldCom has made further announcements and disclosures suggesting that all of its financial results since at least as early as 1999 require restatement. On July 21, WorldCom filed for bankruptcy in the Bankruptcy Court of this district.

## Government Investigations of WorldCom

On June 26, 2002, the SEC filed a civil complaint against WorldCom. On June 27, the U.S. House of Representatives ("House") Committee on Energy and Commerce and the House Committee on Financial Services each launched an investigation.

On July 31, the U.S. Attorney filed a criminal complaint against defendant Scott D. Sullivan ("Sullivan"), the former Chief Financial Officer and a former Director of WorldCom, and defendant David F. Myers ("Myers"), the former Controller and a former Senior Vice President of World-Com, charging each of them with conspiracy to commit securities fraud, securities fraud, and five false filings with the SEC.

1. The WorldCom Director Defendants consist of defendants Clifford Alexander, Jr., James C. Allen, Judith Areen, Carl J. Aycock, Max E. Bobbitt, Francesco Galesi, Stiles A. Kellett, Jr., Gordon S. Macklin, John A. Porter, Bert C. Roberts, Jr., John W. Sidgmore, and Lawrence C. Tucker.

2. According to their counsel, not all Underwriter Defendants have been served with the consolidated amended complaint.

3. The facts as recited here are based in part on the allegations contained in NYSCRF's consolidated amended complaint.

On August 28, Sullivan and defendant Buford Yates, Jr. ("Yates") were indicted on the same seven felonies. On September 26, Myers pleaded guilty to a three-count criminal information charging him with conspiracy, securities fraud, and filing false documents with the SEC. On October 7, Yates also pleaded guilty to conspiracy and securities fraud. On October 10, two members of WorldCom's accounting department, Betty Vinson and Troy Normand, pleaded guilty to conspiracy and securities fraud.

On November 14, the Honorable Jed S. Rakoff approved a settlement between the SEC and Myers and Yates granting the SEC certain injunctive relief, but deferring until a later date any judgment with respect to the amount in fines, if any, that Myers and Yates will pay. At a hearing on November 13, Judge Rakoff stated, with respect to the SEC's action against WorldCom, that because the parties were engaged in discussions looking to resolve important portions of the action, he would briefly delay the case management plan to facilitate the discussions.

*Procedural History of In re WorldCom, Inc. Securities Litigation and In re WorldCom, Inc. ERISA Litigation*

The first securities class action filed against defendants in connection with the above-referenced events was filed in this district on April 30, 2002, under the caption *Albert Fadem Trust and Bruce A. Fadem v. Worldcom, Inc., et al.* Thereafter, approximately twenty related class actions were filed. On August 12, a conference was held to consolidate *Albert Fadem* and its related cases (collectively, the "*Albert Fadem* Cases") pursuant to Fed. R.Civ.P. 42(a) and to appoint lead counsel pursuant to Section 78u–4(a)(3)(B)(i) of the PSLRA, 15 U.S.C. § 78u–4(a)(3)(B)(i). By Order dated August 15, 2002, the *Albert Fadem* Cases were consolidated under the caption *In re WorldCom, Inc. Securities Litigation*, NYSCRF was appointed lead plaintiff, and NYSCRF was ordered to file a consolidated amended complaint no later than October 11, 2002.

By Order dated September 18, the Court consolidated *Gail M. Grenier v. WorldCom, Inc., et al.*, 02 Civ. 4816(DLC), and *John T. Alexander v. WorldCom, Inc. et al.*, 02 Civ. 5140(DLC), both of which allege breaches of fiduciary duty under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, by WorldCom and certain WorldCom fiduciaries in connection with the WorldCom 401(k) Salary Savings Plan (the "Plan"), under the caption *In re WorldCom, Inc. ERISA Litigation*.

By letter dated September 30, NYSCRF requested a sixty-day extension of time in which to file the amended complaint in *In re WorldCom, Inc. Securities Litigation*. By letters dated October 2, the WorldCom Director Defendants, the Underwriter Defendants, and Andersen objected to any extension of time greater than ten days, noting that if NYSCRF's request were granted, it "will have had more than seven months from the date of the first complaints to file an amendment." By Order dated October 3, NYSCRF's request for an extension of time was denied and, in accordance with numerous stipulations to which the parties had agreed in the individual cases prior to consolidation, defendants were ordered to answer or move with respect to the complaint no later than December 13, 2002.

By Order dated October 8, pursuant to 28 U.S.C. § 1407, the Judicial Panel on Multidistrict Litigation ordered the centralization of approximately forty WorldCom-related class action cases in this Court, which included both securities and ERISA class actions. On October 11,

NYSCRF filed its consolidated amended complaint.

By Order dated November 18, Stephen Vivien ("Vivien"), Gail M. Grenier, and John T. Alexander were appointed lead plaintiffs in *In re WorldCom, Inc. ERISA Litigation* and Keller Rohrback, L.L.P. ("Keller Rohrback") was appointed lead counsel. Vivien had filed suit in the Northern District of California on March 18, 2002, and one of the causes of action in that lawsuit has already survived a motion to dismiss. In an Order dated July 26, 2002, *Vivien v. WorldCom, Inc.*, No. 02–01329 WHA (N.D.Cal. July 26, 2002), the Honorable William Alsup denied in part defendants' motion to dismiss for lack of personal jurisdiction and failure to state a claim. Judge Alsup held that the plaintiffs' complaint adequately alleged that defendants Ebbers and Sullivan acted in a fiduciary capacity with respect to WorldCom's ERISA Plan and that they breached that fiduciary duty. *Vivien* has since been transferred to this Court and centralized under *In re WorldCom, Inc. ERISA Litigation* pursuant to the October 8 Order of the Judicial Panel on Multidistrict Litigation.[4]

The November 18 Order in *In re WorldCom, Inc. ERISA Litigation* also ordered plaintiffs to file a consolidated amended complaint by December 20, 2002, and defendants were ordered to answer or move with respect to the complaint by January 17, 2003. At a conference on November 18, Keller Rohrback was ordered to develop a protocol with lead counsel in *In re WorldCom, Inc. Securities Litigation* to coordinate discovery with plaintiffs' coun-

sel in the securities class actions to the extent appropriate and feasible.

*Bankruptcy Court's Order to Modify the Automatic Stay*

On October 2, 2002, NYSCRF filed a motion with the Bankruptcy Court in *In the Matter of WorldCom, Inc.*, Case No. 02–B–13533, seeking a modification of the bankruptcy stay to permit NYSCRF to obtain copies of documents and materials that WorldCom had produced in connection with governmental and internal investigations and that it may have produced to WorldCom's Creditors' Committee. On October 29, ruling from the bench, the Honorable Arthur J. Gonzalez granted NYSCRF's motion. He stated: "I don't see how the Debtor would suffer significant inconvenience or hardship since the work to be done in terms of responding to any subpoena is done by attorneys who do not appear, and there is no evidence that they are directly involved in the reorganization here."

After the October 29 hearing, the U.S. Attorney and the SEC contacted NYSCRF to request that certain changes be made in the proposed Bankruptcy Court Order in order to protect their ongoing investigations. NYSCRF agreed to make the changes requested. By Order dated November 8, Judge Gonzalez modified the automatic stay to allow NYSCRF to obtain copies of documents and materials that WorldCom produced in connection with governmental investigations of its accounting and business practices, and in connection with Wilmer's internal investigation after Wilmer has delivered its final report, provided that this Court subsequently lift

---

4. Judge Alsup also rejected defendants' argument that the complaint was "actually a securities-fraud action governed by the PSLRA masquerading as an ERISA action." *Vivien*, July 26 Order, at 8. Judge Alsup held that "[o]n its face, the complaint alleges violations of ERISA. It is impossible to rule out as a matter of law any and all ERISA recovery at the pleadings stage simply because federal securities law may provide overlapping relief." *Id.*

the PSLRA stay. Pursuant to an agreement with the U.S. Attorney and the SEC, NYSCRF did not seek, and Judge Gonzalez did not order, the production of any witness interview notes.

In a conference on November 20, lead counsel for plaintiffs in *In re WorldCom, Inc. ERISA Litigation* stated that it would be filing a similar motion with the Bankruptcy Court to request a partial lifting of the automatic stay, and if successful, also petition this Court for access to those documents.

*The Schedule for Settlement Discussions in In re WorldCom, Inc. Securities Litigation*

In a conference on November 5, and by Order dated November 7, the parties in *In re WorldCom, Inc. Securities Litigation* were ordered to contact the chambers of Magistrate Judge Michael H. Dolinger no later than November 15, 2002, to arrange to pursue settlement discussions under his supervision in December. The parties in *In re WorldCom, Inc. ERISA Litigation* have been advised to expect a similar order and to prepare for settlement discussions before Judge Dolinger to be coordinated with the settlement discussions in the securities litigation to the extent appropriate.

### Discussion

The PSLRA contains the following stay of discovery provision:

> In any private action arising under this chapter, *all discovery* and other proceedings *shall be stayed* during the pendency of any motion to dismiss, *unless the court finds* upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent *undue prejudice* to that party.

15 U.S.C. § 78u–4(b)(3)(B) (emphasis supplied). The legislative history of the PSLRA indicates that Congress enacted the discovery stay in order to minimize the incentives for plaintiffs to file frivolous securities class actions in the hope either that corporate defendants will settle those actions rather than bear the high cost of discovery, *see* H.R. Conf. Rep. No. 104–369, at 37 (1995), *reprinted in* 1995 U.S.C.C.A.N. 730, 736, or that the plaintiff will find during discovery some sustainable claim not alleged in the complaint, *see* S.Rep. No. 104–98, at 14 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 693. *See also In re Lernout & Hauspie Sec. Litig.*, 214 F.Supp.2d 100, 106 (D.Mass.2002).

Neither rationale underlying the PSLRA's discovery stay provision is contravened by plaintiffs' application. NYSCRF has clearly not filed the complaint to initiate a "fishing expedition" in search of sustainable claims or to force defendants to settle an otherwise frivolous class action.

Based upon the unique circumstances of this case, the documents requested by NYSCRF must be produced in order to prevent undue prejudice to the interests of the putative investor class it represents. All of the investigations and proceedings concerning WorldCom are moving apace. Without access to documents already made available to the U.S. Attorney, the SEC, and in whole or in part to the WorldCom's Creditors Committee and the documents that will in all likelihood soon be in the hands of the ERISA plaintiffs, NYSCRF would be prejudiced by its inability to make informed decisions about its litigation strategy in a rapidly shifting landscape. It would essentially be the only major interested party in the criminal and civil proceedings against WorldCom without access to documents that currently form the core of those proceedings. This is especially troubling given the likelihood that settlement discussions will begin in

December and involve both the securities plaintiffs and the ERISA plaintiffs. The former would be severely disadvantaged in those discussions if they are denied access to the documents they now request. If NYSCRF must wait until the resolution of a motion to dismiss to obtain discovery and formulate its settlement or litigation strategy, it faces the very real risk that it will be left to pursue its action against defendants who no longer have anything or at least as much to offer.

Defendants argue that plaintiffs' discovery request is not sufficiently "particularized" to justify a partial lifting of the stay. Yet plaintiffs' request has already been pared down to address the concerns of the U.S. Attorney and involves a clearly defined universe of documents, specifically certain documents which WorldCom has already produced in connection with other identified proceedings. Where, as here, plaintiffs are not in any sense engaged in a fishing expedition or an abusive strike suit and do not thereby act in contravention of the fundamental rationales underlying the PSLRA discovery stay, and where plaintiffs would be substantially prejudiced by the maintenance of the stay, defendants cannot call upon the ambiguous notion of "particularized" discovery to bend Section 78u–4(b)(3)(B) to a purpose for which it was not intended.

Finally, it is customary to consider whether a production request places an undue burden on the party from which it is requested. For easily understood reasons, defendants have not raised this as an obstacle. The documents requested are sought from a non-party[5] and have already been compiled. *Cf. Newby v. Enron Corp.*, No. H–01–3624, at 3 (S.D.Tex. Aug.

15, 2002) (order granting motion for limited production) ("In a sense this discovery has already been made, and it is merely a question of keeping it from a party because of the strictures of a statute designed to prevent discovery abuse.").

### Conclusion

While none of the above-stated circumstances may alone be sufficient to justify a lifting of the statutory stay in order to prevent undue prejudice, their collective weight tips the scale by a considerable measure in favor of plaintiffs' request. Plaintiffs' motion for an Order partially lifting the PSLRA discovery stay is granted.

SO ORDERED:

---

**5.** While the PSLRA's stay may otherwise apply to non-parties, *see Faulkner v. Verizon Communications, Inc.*, 156 F.Supp.2d 384, 404 (S.D.N.Y.2001) (holding that "the PSLRA does not distinguish between discovery of non-parties and parties"), defendants cannot argue that the discovery requested would be so burdensome on them as independently to militate against a lifting of the stay.