In re VIVENDI UNIVERSAL, S.A.,
SECURITIES LITIGATION

No. 02 Civ. 5571(HB).

United States District Court,
S.D. New York.

May 6, 2003.

---

## MEMORANDUM ORDER

BERMAN, District Judge.

Plaintiffs move for a partial lifting of the stay on discovery to obtain copies of documents already produced by defendants to the United States Department of Justice, Securities and Exchange Commission, Commission Des Operations de Bourse ("COB") and Association of Active Small Investors in France ("APPAC"), all produced in connection with civil and criminal investigations for misconduct by defendants, which forms a basis of the instant class action. The PSLRA provides:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C. §§ 77z–1(b)(1) and 78u–4(b)(3)(B). Recognizing that "the cost of discovery often forces innocent parties to settle frivolous securities class actions," H.R. Conf. Rep. No. 104–369, at 37 (1995), Congress enacted the mandatory stay of discovery, in part, to prevent plaintiffs from filing such frivolous lawsuits and using it as a vehicle "in order to conduct discovery in the hopes of finding a sustain-

able claim not alleged in the complaint." S.Rep. No. 104–98, at 14 (1995).

Plaintiffs contend that the partial lift on the stay of discovery is necessary because defendants are liquidating certain subsidiaries or affiliates of the Vivendi corporation, and there is a risk that documents may be lost with the transfer of control over portions of defendants' business. Pl. Reply Mem. at 2. "A party alleging that discovery is 'necessary to preserve evidence' must ... make a specific showing that the 'loss of evidence is imminent as opposed to merely speculative.'" *Sarantakis v. Gruttadauria*, 2002 WL 1803750, at *2 (N.D.Ill. Aug. 5, 2002) (internal citations omitted) (quoting *In re CFS–Related Sec. Fraud Litig.*, 179 F.Supp.2d 1260, 1265 (N.D.Okla.2001)). Plaintiffs make no such showing and the defendants represent in open court that it will not happen. "[U]nless exceptional circumstances are present, discovery in securities actions is permitted only after the court has sustained the legal sufficiency of the complaint." *Vacold LLC v. Cerami*, 2001 WL 167704, at *6 (S.D.N.Y. Feb. 16, 2001). This Court has agreed to consider the legal sufficiency of the complaint at oral argument ten days from the date hereof and I find no "exceptional circumstances" that warrant lifting the stay at this time. As to any documents produced to any other agency or non-parties involved in litigation or investigation of defendants, the defendants have again made the representation that they have copies of all of the documents, including those seized, and that they must and will be preserved. Pursuant to this representation, I find that the loss or risk of loss of documents to be minimal.

Plaintiffs further contend that the stay is necessary to prevent undue prejudice to them. Although the Second Circuit has yet to make any pronouncement, district courts here and elsewhere have construed "undue prejudice" to mean "improper or unfair treatment amounting to something less than irreparable harm." *Vacold*, 2001 WL 167704, at *6; *Med. Imaging Ctrs. of Am., Inc. v. Lichtenstein*, 917 F.Supp. 717, 720 (S.D.Cal.1996). Courts in the Southern District have partially lifted the discovery stay on the ground of "undue prejudice" when defendants would be unfairly shielded from liability through pursuit of their pending action or when plaintiffs would be placed at an unfair advantage to make informed decisions about litigation and settlement strategy without access to documents that form the core of the proceeding. *In re WorldCom, Inc. Sec. Litig.*, 234 F.Supp.2d 301, 306 (S.D.N.Y.2002)(noting that plaintiff faced "the very real risk that it [would] be left to pursue its action against defendants who no longer have anything or at least as much to offer" in light of the settlement discussion that was scheduled to begin shortly with the ERISA plaintiffs in another proceeding); *Vacold*, 2001 WL 167704, at * 7 (finding no evidence that plaintiff's particularly narrow discovery request was sought to support a claim not alleged in the complaint); *Global Intellicom, Inc. v. Thomson Kernaghan & Co.*, 1999 WL 223158, at *2 (S.D.N.Y. April 16, 1999) (finding that plaintiff had made a showing of "undue prejudice" because the stay might prevent plaintiff from seeking redress for the alleged violations). Here, plaintiffs do not seek the particularized degree of discovery that the Court granted in *Vacold*. Further, although I respect the representation of plaintiffs to the contrary, I cannot yet conclude that evidence from discovery might not be the subject of controversy as to a claim in the complaint if leave to replead were granted. Moreover, I find no evidence that plaintiffs face the same prospect, as in *WorldCom* or *Global Intellicom*, that they would be left without

remedy in light of settlement discussions or other intervening events, such as bankruptcy or attempt to take control over plaintiff by acquisition. Accordingly, I find that plaintiffs have not met their burden of showing "exceptional circumstances" that render it necessary to lift the stay on discovery here. *See In re Trump Hotel Shareholder Derivative Litigation,* 1997 WL 442135, at *2 (S.D.N.Y. Aug. 5, 1997) ("the possibility that prejudice will result from a stay is particularly remote in this case because the only discovery currently sought is the production of documents"). Plaintiffs' motion to lift the stay on discovery is DENIED.

SO ORDERED.