Donald RAMPERSAD, Plaintiff(s),

v.

DEUTSCHE BANK SECURITIES INC., et al., Defendant(s).

No. 02 Civ.7311(LTS)(AJP).

United States District Court, S.D. New York.

May 9, 2003.

Jeffrey Lew Liddle, Liddle and Robinson, LLP, New York City, for Plaintiff.

William I. Sussman, Ropes & Gray, LLP, Hillary Richard, Brune & Richard, LLP, New York City, for Defendants.

SWAIN, District Judge.

By letter application dated March 17, 2003, Plaintiff argues that the stay of "all discovery and other proceedings" during the pendency of Defendants' motions to dismiss the amended complaint, provided for by the Private Securities Litigation Reform Act ("PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B), should not be applied in this case with respect to discovery regarding certain transactions in Deutsche Bank accounts known as the "Langtry" accounts. (Plaintiff's March 17, 2003 Letter ("Pl.'s Letter") at 1.) All Defendants have submitted letters contending that discovery should be stayed pending the resolution of

the motions to dismiss. For the following reasons, Plaintiff's request is denied.

■ The PSLRA provides, in relevant part, that

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

15 U.S.C.A. § 78u–4(b)(3)(B) (West 1997). Plaintiff argues that both exceptions to the general discovery stay provision apply in this case. As to the first exception, Plaintiff asserts that it is a "well-documented fact that many securities firms have failed to implement electronic storage mechanisms," and thus there is a potential for the loss of information in this case. (Pl.'s Letter at 5–6.) Plaintiff further argues that the SEC has already found Defendant Deutsche Bank to have failed to comply with certain record keeping requirements of the Securities and Exchange Act within a time period that includes the dates of Langtry account transactions. The SEC action Plaintiff refers to involved failure by the respondents to retain e-mail, and the respondents were ordered to cease and desist from further e-mail storage violations. *See In re Deutsche Bank Securities Inc., et al.*, SEC Administrative Proceeding File No. 3–10957. Plaintiff has failed to show any relevant ongoing record keeping violations, nor has he demonstrated that any relevant existing records are at risk of being destroyed. Accordingly, Plaintiff is not entitled to exemption from the PSLRA discovery stay on this ground.

■ Plaintiff also argues that the undue prejudice exception to the statutory stay applies in this case because Defendants "might be shielded from liability in the absence of the requested discovery." (Pl.'s Letter at 3 (quoting *Vacold LLC v. Cerami*, No. 00 Civ. 4024, 2001 WL 167704, at *6 (S.D.N.Y. Feb. 16, 2001).)) Unlike the plaintiff in *Vacold*, however, Plaintiff here has failed to show any particularized discovery that would affect his ability to respond to the motions to dismiss. In *Vacold*, the viability of the plaintiff's claims depended on the nature and timing of a certain transaction between the defendant and a third party, and defendant had refused to provide any information on when the transaction occurred, even after being asked to do so by the court at oral argument. *See Vacold LLC*, 2001 WL 167704 at **5–7. Plaintiff argues that a similar situation exists here because Plaintiff needs the Langtry account information to plead his claims sufficiently. (Pl.'s Letter at 3.) Plaintiff has failed to show, however, in what way the Langtry account discovery would be relevant to Defendants' primary arguments for dismissal, which are that Plaintiff has failed to plead sufficiently that Defendants had control or discretion over the Langtry accounts and that Plaintiff never communicated his investment objectives to Defendants. *See, generally,* Defendants' Motions to Dismiss the Amended Complaint. Therefore, Plaintiff has not demonstrated that staying discovery would subject him to any undue prejudice.

■ Plaintiff's remaining arguments are similarly without merit. Plaintiff contends that the PSLRA stay of discovery does not apply when the information sought has already been provided to a governmental agency, and he alleges that Defendants Deutsche Bank and DeBoe "have come under governmental scrutiny" in connection with the Langtry accounts. (Pl.'s Letter at 5.) Plaintiff has cited no authority for such a categorical exception to the PSLRA's discovery stay provision. In each of the cases cited by Plaintiff in sup-

port of this argument, *In re WorldCom, Inc. Securities Litigation,* 234 F.Supp.2d 301 (S.D.N.Y.2002), and *In re AOL Time Warner, Inc.,* No. 1500, 2003 WL 715752 (S.D.N.Y. Feb. 28, 2003), the court found, based on the record, that the plaintiffs were not engaging in fishing expeditions or abusive strike suits, and that they would be substantially prejudiced by maintenance of the stay. In *WorldCom,* for example, this finding was based on the pendency of substantial civil, criminal, and bankruptcy litigation arising from the events underlying the complaint, the fact that the investigative documents sought had already been revealed to most other parties in interest, and the fact that the court had directed the parties in interest to enter into global settlement discussions in which the applicant for lifting the discovery stay would be prejudiced in relation to the other participants if it alone were to lack access to the information sought. *See WorldCom,* 234 F.Supp.2d at 305–306. Plaintiff has made no showing that would justify similar findings here.

■ Plaintiff, citing *Tobias Holdings, Inc. v. Bank United Corp.,* 177 F.Supp.2d 162 (S.D.N.Y.2001), also argues that the PSLRA stay does not apply to discovery regarding state law claims not arising from securities fraud. The court in *Tobias* held that the PSLRA stay "cannot prohibit discovery on non-fraud common law claims arising under the Court's diversity jurisdiction." *Tobias Holdings, Inc. v. Bank United Corp.,* 177 F.Supp.2d 162, 169 (S.D.N.Y.2001). Plaintiff alleges federal question, not diversity jurisdiction, in this action. Moreover, all of the claims he asserts, including the RICO claim, arise from the same allegations of a scheme of unauthorized and unsuitable investment decisions. Accordingly, Plaintiff has not shown that staying discovery with respect to his state law claims will subject him to undue prejudice.

■ At a conference held before the Court to address the instant application, Plaintiff suggested that his state law claims could be remanded to state court, and that such a remand would moot the instant application because he could pursue discovery on those claims in the state forum and would no longer need the statutory stay lifted in this action. Allowing Plaintiff to proceed in state court on claims that, as noted above, essentially mirror his federal securities claim would frustrate the purpose of the PSLRA stay, namely, that discovery should be permitted in securities actions "only after the court has sustained the legal sufficiency of the complaint." *Faulkner v. Verizon Communications, Inc.,* 156 F.Supp.2d 384, 403 (S.D.N.Y. 2001) (internal citations omitted). Plaintiff's request for a partial remand of this action is accordingly denied.

### Conclusion

For the foregoing reasons, Plaintiff's application for relief from the PSLRA automatic stay of discovery in this case pending resolution of the motions to dismiss the complaint is denied.

SO ORDERED.