### In re: FANNIE MAE SECURITIES LITIGATION

### No. CIV. 04–1639(RJL).

United States District Court, District of Columbia.

Feb. 23, 2005.

Steven J. Toll, Joshua S. Devore, Cohen, Milstein, Hausfeld & Toll, PLLC, Washington, DC, for Plaintiffs.

Michael J. Walsh, Jr., O'Melveny & Myers LLP, Edward Bernard Horahan, III, Dechert Price & Rhoads, Steven Mark Salky, Zuckerman Spaeder LLP, Washington, DC, for Defendants.

### MEMORANDUM OPINION AND ORDER

LEON, District Judge.

Plaintiffs move for a partial lift of the automatic discovery stay provided for in the Private Securities Litigation Reform Act ("PSLRA") in order to obtain copies of the documents that Fannie Mae has produced to the Office of Federal Housing Enterprise Oversight ("OFEHO") and other government agencies investigating alleged securities fraud. The PSLRA provides that:

> In any private action arising under this subchapter, all discovery and other proceedings *shall* be stayed during the pendency of any motion to dismiss, *unless the court finds, upon the motion of any party, that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.*

15 U.S.C. § 77z–1(b)(1) (emphasis added). The plaintiffs bear the burden of establishing that lifting of the mandatory stay is necessary. For the following reasons, the Court finds that plaintiffs have failed to satisfy this burden and accordingly DENIES Lead Plaintiffs' Motion for Partial Lift of PSLRA Discovery Stay For Limited Discovery.

Although the D.C. Circuit has not addressed this issue, other courts have found that "unless exceptional circumstances are present, discovery in securities actions is permitted only after the court has sustained the legal sufficiency of the complaint." *Vacold LLC v. Cerami*, No. 00–4024, 2001 WL 167704, at *6 (S.D.N.Y. Feb.16, 2001). The burden of establishing the need for a partial lifting of the discovery stay, not surprisingly, is a heavy one.

First, the discovery sought by plaintiffs must be particularized. 15 U.S.C. § 77z–1(b)(1). Indeed, "the party seeking discovery under the exception must adequately specify the target of the requested discovery and the types of information needed to relieve that burden." *In*

*re Lernout & Hauspie Secs. Litig.,* 214 F.Supp.2d 100, 108 (D.Mass.2002). In this case, the plaintiffs argue that their request is sufficiently particularized because they seek only documents that have already been produced in connection with governmental and regulatory investigations. Pl. Memo. at 8. The documents produced in response to those investigations, however, are voluminous and possibly irrelevant to the claims likely to be raised in the Consolidated Complaint. Fannie Mae Opp. at 8. In fact, during the hearing on February 14, plaintiffs' counsel conceded that not all of the documents produced to the various agencies would be relevant to this litigation and suggested that the plaintiffs' counsel sit down with Fannie Mae's counsel to determine which documents might be relevant. This alone demonstrates a lack of particularity inconsistent with satisfying the burden required to justify a lift of the stay on discovery.

■ Second, the discovery sought must be necessary to either preserve evidence, or to prevent undue prejudice. 15 U.S.C. § 77z–1(b)(1). Preservation not being an issue here, plaintiffs contend, in effect, that undue prejudice would befall them if a partial lifting were not permitted. A partial lifting to prevent undue prejudice is warranted when the "prejudice . . . is improper or unfair under the circumstances." *In re CFS–Related Securities Fraud Litig.,* 179 F.Supp.2d 1260, 1265 (N.D.Okl.2001). To demonstrate unfair prejudice, the plaintiff must show that either the defendant will be unfairly shielded from liability without the requested discovery, or the plaintiffs would be at an informational disadvantage during settlement negotiations. *In re Vivendi Universal, S.A. Secs. Litig.,* No. 02–5571, 2003 WL 21035383, at *1 (S.D.N.Y. May 6, 2003). The plaintiffs here argue that the partial lifting of the stay is necessary to prevent unfair prejudice because without this discovery they will be unable to plan their litigation strategy and thus will not be on equal footing with the regulatory authorities who have already received documents. Pl. Memo. at 8. This argument, however, fails to demonstrate that the defendants will be either unfairly shielded from liability, or that the plaintiffs would be disadvantaged during possible settlement negotiations. Accordingly, plaintiffs have not satisfied their burden of establishing undue prejudice, and a lifting of the discovery stay is not justified.

### *ORDER*

For the reasons set forth above, it is this 23rd day of February, 2005 hereby

**ORDERED** that the Lead Plaintiffs' Motion for Partial Lift of PSLRA Discovery Stay for Limited Discovery [# 54] is **DENIED**.

**SO ORDERED.**