In Re AMERICAN FUNDS SE-
CURITIES LITIGATION.

No. CV 06–7815GAF, CV 04–5593GAF,
CV 07–333GAF.

United States District Court,
C.D. California.

May 31, 2007.

Adam Joshua Gutride, Seth A, Safier, Gutride Safier, San Francisco, CA, Arthur L. Shingler, III, Scott and Scott, San Diego, CA, Charles J. Piven, Marshall N. Perkins, Charles J. Piven Law Offices, Baltimore, MD, Elizabeth P. Lin, Jeff S. Westerman, Milberg Weiss Bershad and Schulman, Jordan L. Lurie, Weiss & Lurie, Los Angeles, CA, Michael R. Reese, Gutride Safier, Aaron L. Brody, Stull Stull & Brody, Anna Christina Dover, Janine L. Pollack, Jerome M. Congress, Kim E. Levy, Steven G. Schulman, Tatiana V. Rodriguez, Milberg Weiss Bershad Hynes & Lerach, Joseph D. Cohen, Joseph H. Weiss, Richard Acocelli, Weiss & Lurie, Jules Brody, Stull Stull & Brody, New York, NY, for Sabrina A. Chin, Nicholas J. Corbi, Rodney T. Jelinek, Joseph R. Bazinet, Josephine Bazinet, Marjorie Chung, Philip F. Garofalo, Shelley Martin, James T. Rountree, Leo Sonner, Hugh D. Swift, Melba M. Swift, Mary Jane Towns, William C. Towns, Ernest Visalli.

Andrew E. Tomback, C. Neil Gray, James N. Benedict, Louis A. Pellegrino, Robert R. Miller, Sean M. Murphy, Andrew W. Robertson, Milbank Tweed Hadley & McCloy, New York, NY, Gareth T. Evans, Andrew Zachary Edelstein, Gibson Dunn & Crutcher, Eric R. Maie, Clayton T. Robertso, Paul Benedict Salvaty, O'Melveny & Myers, Los Angeles, CA, William E. Wallace, III, Milbank Tweed Hadley and McCoy, Washington, DC, James S. Dittmar, Stuart M. Glass, Goodwin Procter, Boston, MA, for Capital Group Companies Inc., Capital Research and Management Co., American Funds Distributors Inc., AMCAP Fund, American Balanced Fund, American High-Income Municipal Bond Fund, American High-Income Trust Fund, Bond Fund of America, Capitol Income Builder Fund, Capital World Growth and Income Fund, Europacific Growth Fund, Growth Fund of America, Income Fund of America, Investment Company of America Fund, Limited Term Tax Exempt Bond Fund of America, New Economy Fund, New Perspective Fund, Washington Mutual Investors Fund, Fundamental Investors Inc., Capital Group.

FEESS, District Judge.

**Order Denying Motion for Partial Lifting of Discovery Stay for the Limited Purpose of Production of Documents from the California Attorney General's Office**

On May 11, 2007, Plaintiffs filed a Motion for Partial Lifting of Discovery Stay for the Limited Purpose of Production of Documents from the California Attorney General's Office, and Plaintiffs and Defendants filed their Joint Stipulation pursuant to Local Rule 37–2. On May 21, 2007, Plaintiffs and Defendants each filed a Supplemental Memorandum pursuant to Local Rule 37–2.3. Pursuant to Rule 78 of the Federal Rules of Civil Procedure and Local Rule 7–15, the Court finds that this matter is appropriate for decision without oral argument. The hearing calendared for June 4, 2007, is **VACATED**, and the matter taken off calendar. For the reasons stated below, the Court **DENIES** Plaintiffs' Motion.

## I. INTRODUCTION

This case consists of two consolidated actions [1] in which investors in mutual funds offered by the American Funds group claim that fund assets were used to pay brokers to push American Funds over those offered by competitors. Plaintiffs contend that Defendants concealed these payments from investors by disguising them as various fees, such as brokerage commissions, and by omitting them from various public filings. These lawsuits, brought against defendants Capital Group Companies, Inc., Capital Research and Management Co., and American Funds Distributors, Inc., allege claims for relief for violations of Sections 12(a)(2) and 15 of the Securities Act of 1933, and violations of

Sections 10(b) and 20(a) and Rule 10b–5 of the Securities Exchange Act of 1934.

This case is still in its early stages. On April 4, 2007, the Court issued an Order consolidating the actions that constitute this case and appointing Gutride Safier LLP as lead counsel. The Court also ordered that a Consolidated Complaint be filed within sixty (60) days of the date of the Order. Accordingly, the Consolidated Complaint in this case must be filed on or before June 4, 2007. Plaintiffs now move this Court for an order partially lifting the automatic stay on discovery imposed by the Private Securities Litigation Reform Act of 1995 ("PSLRA") for the purpose of allowing Plaintiffs to obtain all documents produced by Defendants to the California Attorney General's Office in the California Attorney General's pending litigation against defendant American Fund Distributors, Inc.

## II. LEGAL STANDARD

The PSLRA, 15 U.S.C. § 78u–4(b)(3)(B), states that "all discovery and other proceedings shall be stayed during the pendancy of any motion to dismiss." Recognizing that the "cost of discovery often forces innocent parties to settle frivolous securities class actions," H.R. Conf. Rep. No. 104–369, at 37 (1995), 1995 U.S.C.C.A.N. at pp. 730, 736, Congress enacted the mandatory stay of discovery, in part, to prevent plaintiffs from filing frivolous lawsuits and using it as a vehicle "in order to conduct discovery in the hopes of finding a sustainable claim not alleged in the complaint." S.Rep. No. 104–98, at 14 (1998), 1995 U.S.C.C.A.N. at pp. 679, 693. As the Ninth Circuit has explained:

---

1. The consolidated actions are *Sabrina Chin v. Capital Group Companies, Inc. et al.,* CV 06–7815–GAF (RNBx) and *Edward Shaftan v. Capital Group Companies, Inc. et al.,* CV–07– 0333–GAF (RNBx). These cases are related to *In Re American Funds Fee Litigation,* CV– 04–5593–GAF (RNBx).

The purpose of the [PSLRA] was to restrict abuses in securities class-action litigation, including: (1) the practice of filing lawsuits against issuers of securities in response to any significant change in stock price, regardless of defendants' culpability; (2) the targeting of 'deep pocket' defendants; (3) the abuse of the discovery process to coerce settlement; and (4) manipulation of clients by class action attorneys.

*SG Cowen Securities Corp. v. U.S. Dist. Court*, 189 F.3d 909, 911 (9th Cir.1999) (*quoting In re Advanta Corp. Secs. Litig.*, 180 F.3d 525, 530–31 (3d Cir.1999)). Given these Congressional goals, the Ninth Circuit has interpreted the automatic stay on all discovery under the PSLRA as applying not only when a motion to dismiss is pending, but from the filing of the case until such time that "the court has sustained the legal sufficiency of the complaint." *SG Cowen Securities Corp.*, 189 F.3d at 911 (*quoting* S.Rep. No. 104–98, at 14 (1995), reprinted in 1995 U.S.C.C.A.N. at p. 693)(plaintiff requesting discovery after complaint dismissed pursuant to motion to dismiss but prior to time for filing amended complaint); *see, also, In re JDS Uniphase Corporation Securities Litigation*, 238 F.Supp.2d 1127, 1133 (N.D.Cal. 2002) (finding that PSLRA stay on discovery in place where time to respond to consolidated complaint had not yet elapsed because Court had not had the opportunity to sustain the legal sufficiency of the complaint).

Under the PSLRA, the automatic stay of discovery can be lifted if "the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to

that party." 15 U.S.C. §§ 77z–1(b)(1) & 78u–4(b)(3)(B).

## III. ANALYSIS

### A. Plaintiffs Have Not Established They Will Be Unduly Prejudiced If The PSLRA Discovery Stay Is Not Lifted.

In this case, as stated above, Plaintiffs' time for filing a Consolidated Complaint in this case has not yet elapsed. As a result, absent a need to preserve evidence or to prevent "undue prejudice," the PSLRA's discovery stay prevents Plaintiff from engaging in any discovery. *SG Cowen Securities Corp.*, 189 F.3d at 912–13. Plaintiffs do not argue that it is necessary to lift the discovery stay to preserve evidence. *See,* Joint Stipulation, pp. 1–5. Instead, Plaintiffs argue that the discovery stay should be lifted to prevent Plaintiffs from being unduly prejudiced because the California Attorney General's Office has already received the documents sought by Plaintiffs in its litigation against defendant American Fund Distributors, Inc., and other legal proceedings have been pursued or are pending against Defendants.[2] In support of their position, Plaintiffs rely on *In re WorldCom, Inc. Securities Litigation*, 234 F.Supp.2d 301, 305 (S.D.N.Y.2002), in which the court partially lifted the PSLRA stay to allow the plaintiffs in a pending securities fraud lawsuit to receive documents already produced to regulators and other parties.

However, *In re WorldCom* is distinguishable from this case because the court in *In re WorldCom* had ordered global settlement negotiations of the various cases involving WorldCom, Inc., and if the discovery stay had not been lifted the

---

2. Specifically, Plaintiffs cite claims tried by NASD against defendant American Funds Distributors, Inc., that resulted in a $5 million fine and censure, as well as the *In re American Funds Fees Litigation*, CV 04–5593–GAF (RNBx), against Defendants currently pending before this Court.

plaintiffs would have been unduly prejudiced as the "only major party in the criminal and civil proceedings without access to documents that currently form the core of [the] proceedings." *In re WorldCom*, 234 F.Supp.2d at 305–06; *see, e.g., Rampersad v. Deutsche Bank Securities, Inc.*, 381 F.Supp.2d 131 (S.D.N.Y.2003) (denying motion to lift PSLRA stay and noting that *In re WorldCom* is distinguishable given the global settlement negotiations directed by the Court); *see, also, Podany v. Robertson Stephens, Inc.*, 350 F.Supp.2d 375, 378 (S.D.N.Y.2004) (same). There are no such Court-mandated global settlement discussions in this case.

Similarly, other cases cited by Plaintiffs in support of their position also are distinguishable because they involve unique circumstances, such as ongoing settlement discussions or corporate bankruptcies, that would have led to the plaintiffs being unduly prejudiced if the PSLRA discovery stay had not been lifted. *See, e.g., In re Royal Ahold N.V. Sec. & Erisa Litigation*, 220 F.R.D. 246, 251–52 (D.Md.2004) (lifting stay where defendants undergoing a corporate reorganization, making it likely that key documents could be lost or that plaintiffs could be disadvantaged in settlement negotiation); *In re Metropolitan Securities Litigation*, 2005 WL 940898 (E.D.Wash. March 31, 2005) (plaintiffs needed documents where Court urged parties to participate in early settlement discussions when bankruptcy proceedings and numerous other civil and criminal actions were moving forward against the same defendants); *In re Lernout & Hauspie Securities Litigation*, 214 F.Supp.2d 100 (D.Mass.2002) (undue prejudice with respect to discovery against foreign defendants due to the delay in complying with international discovery procedures and uncertainty of Court's ability to enforce preservation orders in Europe and Asia). None of the unique circumstances found in the cases cited by Plaintiffs are present in this case.

Moreover, Plaintiffs have not demonstrated how the PSLRA discovery stay prejudices them merely because the documents they seek have already been produced to a governmental agency. *See, e.g., Rampersad*, 381 F.Supp.2d 131 (holding there is "no authority" for categorical exception to the PSLRA where the information sought has "already been provided to a government agency"); *In re Fannie Mae Securities Litigation*, 362 F.Supp.2d 37, 39 (D.D.C.2005) (no prejudice by not having access to documents produced to government); *In re Vivendi Universal, S.A. Securities Litigation*, 381 F.Supp.2d 129, 130–31 (S.D.N.Y.2003) (denying plaintiffs' motion to lift PSLRA stay even though the same documents were previously provided to the United States Department of Justice and various French agencies). On the contrary, once the documents are in the hands of a regulatory or law enforcement agency, they are no longer subject to loss or destruction.

Furthermore, because the time has not yet passed for Plaintiffs to file the Consolidated Complaint, there is some risk of prejudice to Defendants if the PSLRA discovery stay is lifted at this time. *See, SG Cowen Securities Corporation*, 189 F.3d at 912 ("Congress clearly intended that complaints in these securities actions should stand or fall based on the actual knowledge of the plaintiffs rather than information produced by the defendants after the action has been filed.") (*quoting Medhekar v. United States District Court*, 99 F.3d 325, 328 (9th Cir.1996)). If Plaintiffs are allowed to take discovery before the Court has sustained the legal sufficiency of the Consolidated Complaint, Plaintiffs might attempt to use the information in addressing a motion to dismiss or amending their claims in direct contravention of one of the

purposes of the PSLRA. *See, e.g., In re AOL Time Warner, Inc. Securities,* 2003 WL 21729842, *1 (S.D.N.Y. July 25, 2003) ("It cannot be concluded that evidence from discovery might not be the subject of controversy as to a claim in the complaint if leave to replead were granted. Nor can it be assured that plaintiffs will not attempt to use the discovery materials in opposition to the recently filed motion.") (internal citation omitted).

### B. Plaintiffs Have Not Requested "Particularized Discovery."

Finally, Plaintiffs' request for all documents produced by Defendants to the California Attorney General's Office in the California Attorney General's Office's pending litigation against American Fund Distributors, Inc. is not "particularized" as required under the PSLRA. "Particularized discovery" has been interpreted as requiring parties to identify with specificity the documents requested. *In re Fluor Corporation Securities Litigation,* 1999 WL 817206, *2–3, 1999 U.S. Dist. LEXIS 22128, *6–*7 (C.D.Cal. Jan. 15, 1999). However, in this case, Plaintiffs have not identified specific categories or types of documents sought or how the documents sought will be relevant to the claims Plaintiffs intend to assert in this case. For example, in *In re Fannie Mae Securities Litigation,* 362 F.Supp.2d at 39, the Court refused to lift the PSLRA discovery stay where the plaintiffs sought "only documents that have already been produced in connection with governmental and regulatory investigations" because the request was not particularized and many of the previously produced documents were "possibly irrelevant" to the claims likely to be asserted in the consolidated complaint.

### IV. CONCLUSION

Plaintiffs have failed to establish that they will suffer undue prejudice and to request "particularized discovery" as re-quired to justify lifting the PSLRA's discovery stay. Accordingly, the Court DENIES Plaintiffs' Motion for Partial Lifting of Discovery Stay for the Limited Purpose of Production of Documents from the California Attorney General's Office.

IT IS SO ORDERED.