Steve J. **RETTERATH**, Plaintiff,

v.

**HOMELAND ENERGY SOLUTIONS, LLC, Pat Boyle, Maurice Hyde, Christine Marchand, Mathew Driscoll, Leslie Hansen, Chad Kuhlers, David Finke, Walt Wendland, Joseph Leo, and Brown Winick, Graves, Baskerville, and Schoenebaum, an Iowa Professional Limited Liability Company, Defendants.**

No. 4:14–cv–00158–JEG–RAW.

United States District Court, S.D. Iowa, Central Division.

Signed Aug. 27, 2014.

Allen Howard Libow, Allen Libow, P.A., Boca Raton, FL, Brian J. Brislen, Jason William Grams, Patrick G. Vipond, Lamson Dugan & Murray LLP, Omaha, NE, for Plaintiff.

Randall H. Stefani, Ahlers & Cooney PC, Des Moines, IA, Scott W. Atherton, Atherton Law Group, P.A., West Palm Beach, FL, for Defendant, Homeland Energy Solutions, LLC.

Steven P. Wandro, Michael R. Keller, Wandro & Associates, P.C., Des Moines, IA, Christopher Bryce Albu, L. Martin Reeder, Jr., Reeder & Reeder PA, Jupiter, FL, for Defendants, Pat Boyle, Maurice Hyde, Christine Marchand, Mathew Driscoll, Leslie Hansen, Chad Kuhlers, David Finke, and Walt Wendland.

Jason C. Palmer, Thomas M. Boes, Bradshaw Fowler Proctor & Fairgrave, P.C., Des Moines, IA, David Ira Spector, Akerman LLP, West Palm Beach, FL, for Defendants, Joseph Leo, and Brown Winick, Graves, Baskerville, and Schoenebaum, an Iowa Professional Limited Liability Company.

### RULING ON DEFENDANTS' MOTION TO STAY ALL DISCOVERY PENDING RULING ON DEFENDANTS' MOTIONS TO DISMISS

ROSS WALTERS, United States Magistrate Judge.

The above resisted motion [119] is before the Court. It is decided on the motion papers. LR 7.c.

The dispute in this case centers on the validity and enforceability of a Membership Unit Repurchase Agreement ("MURA") allegedly entered into between defendant Homeland Energy Solutions ("HES") and Mr. Retterath under which HES agreed to repurchase Mr. Retterath's membership units. (Second Amend. Complaint Ex. 6[847] ). Mr. Retterath alleges HES's chairman, defendant Pat Boyle, had no authority under the HES Operating Agreement to enter into the MURA. The MURA is therefore void and Mr. Retterath has revoked his acceptance. (*Id.* ¶¶ 27, 66, 67). Defendants contend the MURA is valid and enforceable.

Mr. Retterath initially filed suit in a Florida state court on August 1, 2013. In an Amended Complaint he asserted numerous claims against the individual HES defendants and the law firm defendants including a cause of action for violations of § 10b of the Securities and Exchange Act, 15 U.S.C. § 78j(b) and Rule 10b–5. Defendants removed the case to the U.S. District Court for the Southern District of Florida which on April 17 of this year transferred the case to this Court [79]. Shortly afterward Mr. Retterath filed a Second Amended Complaint in this Court [1] again making a claim under § 10b and Rule 10b–5. As it now stands the federal securities fraud claim is one of eleven claims. The others allege violations of Florida securities and unfair trade practices statutes (Counts 8 and 9) and various common law claims. In Count 1 Mr. Retterath asks the Court to declare the MURA void.

On August 14, 2013 HES filed suit against Mr. Retterath in the Iowa District Court for Polk County seeking specific performance of the MURA. The Court is informed HES has initiated discovery in the Iowa litigation.

The individual HES defendants and the law firm defendants have filed motions to dismiss [108][109] the Second Amended Complaint specifically targeting the pleading sufficiency of the federal securities fraud claim in Count 10.[2] For his part Mr. Retterath has filed a motion for summary judgment [110] on Count 1 seeking declaratory judgment in his favor that the MURA is void. All these motions are pending.

Defendants' motion to stay discovery invokes the automatic stay provision of the Private Securities Litigation Reform Act of 1995 ("PSLRA"), 15 U.S.C. § 78u–4(b)(3)(B). The statute provides:

> In any private action arising under this chapter, all discovery and other proceedings shall be stayed during the pendency of any motion to dismiss, unless the court finds upon the motion of any party that particularized discovery is necessary to preserve evidence or to prevent undue prejudice to that party.

There is no question that the motions to dismiss the § 10b claims trigger the applicability of the stay provision.[3] Mr. Retter-

---

1. Leave to file the Second Amended Complaint was granted by the Florida federal court in the same order [79] transferring the case.

2. Defendant HES is not a defendant to the federal securities fraud claim. It has filed a Fed.R.Civ.P. 12(b)(6) motion to dismiss [107] contesting the pleading sufficiency of the equitable claims against it; the declaratory judgment action in Count 1 and the injunctive relief against escrow of Mr. Retterath's membership units sought in Count 11.

3. The PSLRA stay provision "applies to 'all discovery' in any 'action' under the PSLRA's purview, regardless of whether non-securities claims are alleged." *In re Smith Barney Transfer Agent Litigation*, 2006 WL 1738078, at *3 (S.D.N.Y. June 26, 2006) (quoting statute and citing *Winer Family Trust v. Queen*, 2004 WL 350181, at *4 (E.D.Pa. Feb. 6, 2004)). Were it otherwise the stay and the purposes it serves could be easily avoided by the joinder of pendent state law claims. *Id.*

ath resists on the basis that a stay would be unduly prejudicial to him.

The PSLRA "imposes procedural and substantive limitations upon the scope of the private right of action available under § 10b and Rule 10b–5." *Chadbourne & Parke LLP v. Troice,* —— U.S. ——, ——, 134 S.Ct. 1058, 1064, 188 L.Ed.2d 88 (2014). The statute was intended as a "check against abusive litigation" by private parties which might impose "substantial costs on companies and individuals whose conduct conforms to the law." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.,* 551 U.S. 308, 313, 127 S.Ct. 2499, 168 L.Ed.2d 179 (2007). More specifically, the concern was with securities class actions (which this case is not) intended to employ the discovery process to coerce settlement, and the filing of securities fraud lawsuits in order to use discovery to fish for "sustainable claims not alleged in the complaint." *In re LaBranche Securities Litigation,* 333 F.Supp.2d 178, 181 (S.D.N.Y. 2004) (quoting *In re Vivendi Universal S.A., Securities Litigation,* 381 F.Supp.2d 129, 129–30 (S.D.N.Y.2003) (in turn quoting S.Rep. No. 104–98, at 14 (1995), *reprinted in* 1995 U.S.C.C.A.N. 679, 693)). The stay provision furthers these interests by preventing discovery until the Court has an opportunity to evaluate a motion to dismiss challenging the sufficiency of plaintiff's securities fraud claims under the PSLRA's heightened pleading standard. *Pension Trust Fund for Operating Engineers v. Assisted Living Concepts, Inc.,* 943 F.Supp.2d 913, 914 (E.D.Wis.2013); *see* 15 U.S.C. § 78u–4(b)(2).

Mr. Retterath argues it would do no harm to the purpose of the stay provision to let discovery proceed in this case in view of the limited factual context involved in the pending state court litigation brought by HES in which the parties can freely conduct discovery on the same factual issues which underlie this case, discovery which has been commenced. The Court agrees allowing discovery to go forward in this case "would not violate the ethos of the PSLRA discovery stay." *Pension Trust Fund,* 943 F.Supp.2d at 915. That the purpose for the statute would not be much harmed cannot, however, prevail over the express requirements of the statute.[4]

The Court finds it must grant defendants' motion because Mr. Retterath has not shown what "particularized discovery" must be allowed to "prevent undue prejudice" to him. Mr. Retterath makes no effort to particularize his need for discovery. He appears to argue general discovery should be allowed to proceed just as it can in the state litigation. Nor has Mr. Retterath demonstrated undue prejudice. The case law consistently refers to the standard for undue prejudice in not very definitive terms as "improper or unfair treatment amounting to something less than irreparable harm." *Pension Trust Fund,* 943 F.Supp.2d at 916 (citing cases). It is best to look at the kinds of circumstances in which undue prejudice has been found. The Court in *Pension Trust Fund* gave examples of these.

> ... [C]ourts have found that undue prejudice is present where the defendants have disclosed documentation in the midst of reorganizing, merging, or being acquired ...; where the defendants have submitted documentation in federal investigations ...; or where the defendants faced separate lawsuits.... In those cases, the courts were particu-

4. The *Pension Trust Fund* court held "exceptional circumstances" not violative of the statutory "ethos" is one of three showings a plaintiff must make to obtain relief from the PSLRA stay, the other two being satisfaction of the express statutory requirements of particularization and preservation of evidence or undue prejudice. 943 F.Supp.2d at 914–15.

larly concerned with the plaintiffs' abilities to adequately pursue settlement and other options when at an informational disadvantage compared to other parties. *Id.* (citations omitted). Nothing of the kind is present here. It is true defendants are involved in a separate lawsuit, but the sort of separate lawsuit which might support a finding of undue prejudice is one in which the securities fraud plaintiff has no access to documents produced in the lawsuit and has a particular need for them in the case at hand. *See In re WorldCom, Inc. Securities Litigation,* 234 F.Supp.2d 301, 305 (S.D.N.Y.2002) (cited in Pension Trust Fund). The separate lawsuit here is with Mr. Retterath. He will be privy to all of the discovery in the state litigation, indeed may pursue discovery relevant to both actions. Mr. Retterath does not need discovery to avoid informational disadvantage in making decisions about litigation strategy.

The facts that Mr. Retterath in this case has filed a motion for summary judgment declaring the MURA void and that when the prospect of a stay of discovery was raised his counsel suggested the parties agree to stay discovery in both actions are further clear indications Mr. Retterath does not need discovery to avoid undue prejudice pending resolution of the motions to dismiss. Indeed, Mr. Retterath disclaims any need to conduct discovery on his claim the MURA is void. (Pl. Brief [121] at 4).

The only specific argument for undue prejudice which the Court perceives is Mr. Retterath's contention that he "is faced with the very realistic possibility that he will not be able to litigate his claims against HES, while at the same time HES is able to pursue its claim against Mr. Retterath." (Pl. Brief [121] at 9). The problem with this is that the

claims between HES and Mr. Retterath in the two actions—for declaratory judgment and specific performance—are two sides of the same coin. Is the MURA valid and enforceable? Presumably Mr. Retterath is defending HES's claim for specific performance in the state litigation on the basis that the MURA is not valid and enforceable. The discovery in the state litigation will produce information relevant to Mr. Retterath's claims against HES in this litigation. Of course, if he prevails on his pending motion for summary judgment seeking a declaration that the MURA is void, this Court's ruling could well be issue-preclusive in the state litigation. A stay of discovery until the motions to dismiss are decided should not impede Mr. Retterath's ability to litigate his claims against HES in this Court.[5]

In conformity with 15 U.S.C. § 78u–4(b)(3)(B) discovery in this action is stayed until the pending motions to dismiss the federal securities fraud claim are decided.

Defendants alternatively request that the Court use its inherent power to stay discovery until the motions to dismiss are decided. But for the PSLRA stay provision the Court would not stay discovery.

Motion [119] **granted.**

IT IS SO ORDERED.

---

**5.** Other than the fact HES is conducting discovery in the state litigation the Court has no

information about the progression of that case.