1 CARL M. HEBERT, ESQ. 
 Nevada Bar #250 
2 2215 Stone View Drive 
 Sparks, NV 89436 
3 (775) 323-5556 
 carl@cmhebertlaw.com 
4 
 DANIEL S. BRETZIUS, ESQ. –PRO HAC VICE 
5 Dan B Law PLLC 
 75 South Main Street, #272 
6 Concord, NH 03301 
 (603) 731-2507 
7 dan@danblaw.com 
8 Attorneys for Defendant Patrick Grimes 
9 UNITED STATES DISTRICT COURT 
 DISTRICT OF NEVADA 
10 
11 ALTERNATIVE PETROLEUM 
 TECHNOLOGIES HOLDINGS, 
12 CORP. andALTERNATIVE 
 PETROLEUM TECHNOLOGIES, 
13 INC., 
 Case Number 
14 Plaintiffs, 3:20-cv-00040-MMD-CLB 
15 vs. Defendant’s Emergency Motion for 
 Authorization to Issue EvidencePreservation 
16 Subpoena 
 PATRICK GRIMES, 
17 
 Defendant. 
18 _______________________________ 
 ________________________________________________________________________
19 
 DEFENDANT’S EMERGENCY MOTION 
20 FORAUTHORIZATION 
 TO ISSUE EVIDENCE PRESERVATION SUBPOENA 
21 ________________________________________________________________________
 Pursuant to LR 7-4, Defendant Patrick Grimes hereby moves for authorization to 
22 
 issue an evidence preservation subpoena on PS Orange Co. Inc. d/b/a Public Storage
23 
 (“Public Storage”) and states as follows: 
1 INTRODUCTION 
2 Jack Waldron and Defendant Patrick Grimes are listed as co-inventors on five 
3 United States patents. In 2019, Jack Waldron alleged to Plaintiffs that Defendant Grimes
4 was improperly listed on the five patents. In turn, Plaintiffs allege that they own the patents-
5 in-suit and commenced this action to attempt to remove Defendant Grimes from the listed 
6 inventors on the five patents-in-suit. 
7 BACKGROUND 
8 Defendant has conducted depositions of Plaintiffs’ Fed. R. Civ. P. 30(b)(6) witness 
9 and Jack Waldron. Plaintiffs have indicated that they have done nothing to investigate the 

10 allegations made by Mr. Waldron. (ECF No. 36-8, 30(b)(6) Dep., 42:25-43:4):
11 “Q. Did plaintiffs do anything to investigate the claims 
 made by Mr. Waldron that there was improper inventorship? 
12 A. Not that I’m aware of. We believe what Jack said.” 
13 During Mr. Grimes’ employment, he maintained files in his office that are relevant 
14 to this action, including three-ring bindersthat had relevant patent and research documents 
15 in them. (ECF No. 36-16, Waldron Dep., 71:23) (“There were three-ring binders in his 
16 office.”).Plaintiffs have neither attempted to locate nor produced any of Mr. Grimes’ three-
17 ring binders or office files. (ECF No. 36-8, 30(b)(6) Dep., 50:13-19):
18 “Q. Did plaintiffs make any efforts to locate the three-ring 
 binders that Mr. Grimes is alleging to have maintained? 
19 A. Jack Waldron wound up taking the office that Patrick 
 once had. And he’s been running the company since Patrick 
20 left. And I don’t know whether he found any or not.” 
21 On February 23, 2021, Jack Waldron indicated that items previously located in Mr. 
22 Grimes’ office, which included the three ring binders and other documentation related to 
23 the five patents-in-suit, were moved to a storage unit, with their final disposition was 
1 unknown. (ECF No. 36-16, Waldron Dep., 64:12-18): 
2 “Q. And where were the items moved to? 
 A. They were moved to a storage facility on Valley Road. 
3 Q. Are they still there? 
 A. No. Valley Road facility has been closed. They probably 
4 ended up being disposed of somewhere around two years 
 after [Mr. Grimes] left.” 
5 
 On February 23, 2021, Jack Waldron additionally indicated that his personal lab 
6 
 notebooks were “stashed in my storage in a fire-proof lockup”. (Id., 70:4-5).
7 
 The Storage Unit 
8 
 Defendant has become aware that Jack Waldron rented a Storage Unit on behalf of 
9 
 Plaintiff Alternative Petroleum Technologies Inc. until late 2020, when the rent due 
10 
 became in arrears. (Exhibit 2, Declaration of Carl Hebert (“Hebert Dec.”) at ¶¶ 3-5). The 
11 
 Storage Unit is owned by Public Storage and is identified as Unit #A161,located at Public 
12 
 Storage #24535, 200 Telegraph Street, Reno, NV 89502. (Id. at ¶ 3). The Storage Unit 
13 
 measures approximately 12 feet by 20 feet. (Id. at ¶ 4). The Storage Unit is believed to 
14 
 contain the remainder of Plaintiffs’ three-ring binders and office files, Jack Waldron’s 
15 
 notebooks, missing invention disclosure forms, a computer server with back-up e-mail 
16 
 correspondence, and other evidence and documentation relevant to this action.
17 
 On May 4, 2021, Defendant learned that the contents of the Storage Unit have been 
18 
 marked for destruction at any moment.(Id.at ¶ 7).Defendant also learned that: [i] therent 
19 
 has been in arrears since at least as early as late 2020)(Id.);[ii]the contents were advertised 
20 
 for sale on February 25, 2021 and March 25, 2021, but luckily were not sold (Id.) & 
21 
 (Exhibit 3, Notices of Public Sale); [iii] the account related to the Storage Unit has been 
22 
 terminated and closed (Exhibit 2, Hebert Dec. at ¶ 5); and [iv] the contents of the Storage 
23 
1 Unit have not been destroyed since April 5, 2021 solely due to luck that the destruction 
2 company has not yet arrived to the Storage Unit. (Exhibit 2, Hebert Dec. at ¶ 7).
3 Defendant promptly sent a written preservation request to Public Storage, asking 
4 Public Storage to preserve the contents of the Storage Unit.(Id.at ¶ 8) & (Exhibit 4, Written 
5 Request to Public Storage).Public Storage is not a party to this litigation and does not have 
6 an obligation to comply with LR 7-4(a)(3)’s meet and confer requirements. Additionally, 
7 as a non-party, Public Storage is under no obligation to preserve the contents of the Storage 
8 Unit without a court order. 
9 Accordingly, with the understanding that emergency motions should be rare, 

10 Defendant seeks an order from this Court permitting Defendant to serve a document 
11 preservation subpoena (proposed as Exhibit 5) on non-party PS Orange Co. Inc. (“Public 
12 Storage”), to protect critical evidence that was hidden by Plaintiffs, transferred to Public 
13 Storage, and is currently marked for destruction at any moment. This subpoena, which 
14 requires only the preservation of evidenceand not actual production at this time, will place 
15 little to no burden on Public Storage, and may even save Public Storage the cost of 
16 destruction services. Withoutleave to serve this subpoena,critical evidence will beforever 
17 lost, causing obvious and severe prejudice to Defendant and preventing justice from being 
18 served. 
19 ARGUMENT 

20 A party must preserve evidence it knows or should know is relevant to a claim or 
21 defense of any party, or that may lead to the discovery of relevant evidence. United States 
22 v. Kitsap Physicians Serv., 314 F.3d 995, 1001 (9th Cir. 2002). However, the same 
23 obligation to preserve does not apply to non-parties. Plaintiffs violated their obligation to 
1 preserve and produce the contents of the Storage Unitand are no longer permitted to access 
2 the Storage Unit. The new custodian of the contents, Public Storage, is a non-party to this 
3 litigation and therefore under no obligation to preserve the contents of the Storage Unit. 
4 Public Storage is currently intending to destroy the contents of the Storage Unit. Without 
5 a courtorder,Public Storage will destroy information relevant to this action.
6 Before a preservation order is issued, the movant must show that there is a 
7 significant concern that potentially relevant evidence will be destroyed, thereby causing 
8 harm to the movant. CenturyLink, Inc. v. Alpine Audio Now, LLC, 2016 WL 192291 at 
9 *1 (D. Colo. Jan. 15, 2016). In this case, Public Storage has taken custody of the contents 

10 of the Storage Unit since late 2020, has advertised them for sale in February and March 
11 2021, and has marked the contents for destruction since April 5, 2021. Destruction of the 
12 contents of the Storage Unit would cause prejudice to Defendant, who has already been 
13 prejudiced by Plaintiffs’ non-preservation and non-production. Saving the contents of the 
14 Storage Unit from destruction is the only way that the prejudice can possibly be mitigated. 
15 "A party alleging that discovery is ‘necessary to preserve evidence’ must ... make 
16 a specific showing that the ‘loss of evidence is imminent as opposed to merely 
17 speculative.’” In re Vivendi Universal, S.A., Securities Litigation, 381 F.Supp.2d 129, 130 
18 (S.D. N.Y. 2003). Here, co-counsel for Defendant visited Public Storage #24535, located 
19 at 200 Telegraph Street, Reno, NV 89502, and learned that Unit A161 has been marked for 

20 destruction and will be destroyed at any moment. Thus, loss of evidence is imminent. 
21 Compare to M.S. v. Hyundai Motor America, No. 2:20-cv-01861-GMN-BNW (D. Nev. 
22 Feb. 16, 2021) (“the court finds that, absent a preservation order, there is a significant 
23 possibility that Fast Towing may not "maintain the integrity of the evidence in question," 
1 since it is not a party to the underlying action, has no duty to do so, and has already 
2 communicated an intent to ‘crush’ it.”) Therefore, good cause exists for issuance of the 
3 document preservation subpoena to non-party Public Storage.Compare toPrescott v. Slide 
4 Fire Solutions, LP, No. 2:18-cv-00296-GMN-CWH, Doc. 39 (D. Nev. Jan. 31, 2019) 
5 (granting authority to issue preservation subpoena regarding firearm attachments in 
6 custody of non-party); Tesla, Inc. v. Tripp, No. 3:18-cv-00296-MMD-CLB, Doc. No. 12 
7 (D Nev. June 27, 2018) (granting authority to issue preservation subpoenas regarding non-
8 party cloud storage and e-mail). 
9 The court has the inherent authority to order a non-party to preserve evidence, 

10 provided it does so with restraint and discretion. Bright Solutions for Dyslexia, Inc. v. Doe,
11 2015 WL 5159125, at *2 (N.D. Cal. Sept. 2, 2015); accord, Arkin v. Gracey-Danna, Inc.,
12 2016 WL 3959611, at *1 (M.D. Fla. July 22, 2016); Deggs v. Fives Bronx, Inc., 2020 WL 
13 3100023, at *2 (M.D. La. June 11, 2020).There will be no undue burden to Public Storage 
14 from compliance with the document preservation subpoena. The proposed subpoena 
15 (Exhibit 5) is narrowly tailored to require only preservation of the contents of the Storage 
16 Unit. Non-party Public Storage will not be required at this time to produce anything, 
17 although, if it ultimately is required to provide access or convey custody of the Contents to 
18 Defendant, Public Storage will save on destruction fees that would otherwise be required. 
19 Thus, the subpoena ensures the critical evidence, documents, and other contents are 

20 preserved, with minimal inconvenience to Public Storage (and possibly even some future 
21 benefit). 
22 
23 
1 CONCLUSION 
2 For the foregoing reasons, good cause exists for the Court to authorize Defendant 
3 to issue a document preservation subpoena to Public Storage, requiring Public Storage to 
4 preserve the contents of Unit #A161, located at Public Storage #24535, 200 Telegraph 
5 Street, Reno, NV 89502. 
6 
7 Dated this 6" day of May, 2021. 
8 /s/ Carl M. Hebert 
 CARL M. HEBERT, ESQ. 
9 Nevada Bar #250 
 2215 Stone View Drive 
10 Sparks, NV 89436 
 (775) 323-5556 
11 carl@cmhebertlaw.com 
12 /s/ Daniel S. Bretzius 
 Daniel S. Bretzius, pro hac vice 
13 Dan B Law PLLC 
 75 South Main Street, #272 
14 Concord, NH 03301 
 (603) 731-2507 
15 dan@danblaw.com 
16 Attorneys for Defendant 
 Patrick Grimes 
17 
18 
 IT IS SO ORDERED: 
19 ‘ 
20 Dated this 6th — day of May 2021. 
 United Statés Magistrate Judge 
21 
22 
23

1 CERTIFICATE OF SERVICE 
2 Pursuant to LR 5-1, the undersigned certifies that, on May 6, 2021, I served the 
3 attached Emergency Motion for Authorization to Issue Evidence Preservation Subpoena
4 via ECFto counsel of record for Plaintiffs: 
5 Jason M. Wiley, Esq. & Ryan S. Petersen, Esq. 
 Wiley Petersen 
6 1050 Indigo Drive, Suite 130 
 Las Vegas, Nevada 89145 
7 jwiley@wileypetersenlaw.com 
 rpetersen@wileypetersenlaw.com 
8 
 Jovan N. Jovanovic, Esq. 
9 The Watson IP Group, PLC 
 3133 Highland Drive, Suite 200 
10 Hudsonville, MI 49426 
 jjovanovic@watson-ip.com 
11 
12 Dated this 6th day of May, 2021 
 /s/ Daniel S. Bretzius 
13 Daniel S. Bretzius 
 Dan B Law PLLC 
14 75 South Main Street, #272 
 Concord, NH 03301 
15 (603) 731-2507 
 dan@danblaw.com 
16 
 Attorney for Defendant 
17 Patrick Grimes 
18 
19 
20 
21 
22 
23 
1 CARL M. HEBERT, ESQ. 
 Nevada Bar #250 
2 2215 Stone View Drive 
 Sparks, NV 89436 
3 (775) 323-5556 
 carl@cmhebertlaw.com 
4 
 DANIEL S. BRETZIUS, ESQ. –PRO HAC VICE 
5 Dan B Law PLLC 
 75 South Main Street, #272 
6 Concord, NH 03301 
 (603) 731-2507 
7 dan@danblaw.com 
8 Attorneys for Defendant Patrick Grimes 
9 UNITED STATES DISTRICT COURT 
 DISTRICT OF NEVADA 
10 
11 ALTERNATIVE PETROLEUM 
 TECHNOLOGIES HOLDINGS, 
12 CORP. andALTERNATIVE 
 PETROLEUM TECHNOLOGIES, 
13 INC., 
 Case Number 
14 Plaintiffs, 3:20-cv-00040-MMD-CLB 
15 vs. Exhibits to Defendant’s Emergency 
 Motion for Authorization to Issue Evidence
16 Preservation Subpoena 
 PATRICK GRIMES, 
17 
 Defendant. 
18 _______________________________ 
 ________________________________________________________________________
19 
 EXHIBIT 1 
20 - 
 INDEX OF EXHIBITS 
21 ________________________________________________________________________
22 
23 
1 Exhibit 1 – Index of Exhibits 
2 Exhibit 2 – Declaration of Carl M. Hebert 
3 Exhibit 3 – Notices of Public Sale, February and March 2021 
4 Exhibit 4 – Preservation Letter to Public Storage 
5 Exhibit 5 – Proposed Subpoena to Public Storage 
6 
7 
8 
9 

10 
11 
12 
13 
14 
15 
16 
17 
18 
19 

20 
21 
22 
23 
1 CARL M. HEBERT, ESQ. 
 Nevada Bar #250 
2 2215 Stone View Drive 
 Sparks, NV 89436 
3 (775) 323-5556 
 carl@cmhebertlaw.com 
4 
 DANIEL S. BRETZIUS, ESQ. –PRO HAC VICE 
5 Dan B Law PLLC 
 75 South Main Street, #272 
6 Concord, NH 03301 
 (603) 731-2507 
7 dan@danblaw.com 
8 Attorneys for Defendant Patrick Grimes 
9 UNITED STATES DISTRICT COURT 
 DISTRICT OF NEVADA 
10 
11 ALTERNATIVE PETROLEUM 
 TECHNOLOGIES HOLDINGS, 
12 CORP. andALTERNATIVE 
 PETROLEUM TECHNOLOGIES, 
13 INC., 
 Case Number 
14 Plaintiffs, 3:20-cv-00040-MMD-CLB 
15 vs. Exhibits to Defendant’s Emergency 
 Motion for Authorization to Issue Evidence
16 Preservation Subpoena 
 PATRICK GRIMES, 
17 
 Defendant. 
18 _______________________________ 
 ________________________________________________________________________
19 
 EXHIBIT 2 
20 - 
 DECLARATION OF CARL M. HEBERT 
21 ________________________________________________________________________
22 
23 
1 DECLARATION OF CARL M. HEBERT 
2 |, Carl Hebert of Sparks, Nevada, declare the following of my own personal 
3 knowledge: 
4 1. | am co-counsel for defendant Patrick Grimes in Alternative Petroleum 
5 Products v. Grimes, case no. 3:20-cv-00040, filed in this court. 
6 2. This declaration is given in support of Defendant’s Emergency Motion 
7 for Authorization to Issue Evidence Preservation Subpoena. 
8 3. On May 4, 2021, | visited Public Storage #24535, located at 200 
9 Telegraph Street, Reno Nevada 89502 to inquire into the contents of storage unit 
10 #A161 (the “Storage Unit”). 
11 4. | spoke with a representative of Public Storage, Kelly, who informed me 
12 that the Storage Unit was 12 feet by 20 feet and is completely full with materials. 
13 5. Kelly informed me that the Storage Unit was rented by Jack Waldron 
14 - and, when active, could only be accessed by Jack Waldron. 
15 6. Kelly told me that it is standard operating procedure for units in arrears 
16 for more than two months to be advertised and offered for sale at auction. 
17 7. Kelly informed me that, given the long duration of arrearages, the 
18 account related to the Storage Unit had been closed and terminated. Kelly said 
19 that the contents of the Storage Unit have been marked for destruction since April 
20 5, 2021 and will be destroyed at any moment, as soon as the company tasked with 
21 destruction (shredding) arrives at the Storage Unit. 
22 8. | sent a written preservation request to Public Storage, asking Public 
23 Storage to preserve the contents of the Storage Unit.

1 9. The movant can be reached through the undersigned at 2215 Stone 
2 View Drive, Sparks, NV 89436, at (775) 323-5556 or carl@cmhebertlaw.com. 
3 10. The Storage Unit and its contents currently belong to and are in the 
4 possession of Public Storage. Public Storage can be reached through the Northern 
5 Nevada Manager, Ashley Henke, at ahenke@publicstorage.com (no phone 
6 number yet available), or through the Regional Manager, Devin Dance, at 206- 
7 772-1190, ext. 3565, or ddance@publicstorage.com. 
8 11. The nature of this emergency precludes a meet and confer, namely the 
9 fact that Public Storage is not a party to this litigation and does not have an 
10 obligation to comply with LR 7-4(a)(3)’s meet and confer requirements. 
11 Pursuant to 28 U.S.C. § 1746, | declare under penalty of perjury that the 
12 foregoing is true and correct. 
13 
 Executed on May 6, 2021 
14 _ 

16 CARLM.HEBERT 
17 
18 
19 
20 
21 

23

1 CARL M. HEBERT, ESQ. 
 Nevada Bar #250 
2 2215 Stone View Drive 
 Sparks, NV 89436 
3 (775) 323-5556 
 carl@cmhebertlaw.com 
4 
 DANIEL S. BRETZIUS, ESQ. –PRO HAC VICE 
5 Dan B Law PLLC 
 75 South Main Street, #272 
6 Concord, NH 03301 
 (603) 731-2507 
7 dan@danblaw.com 
8 Attorneys for Defendant Patrick Grimes 
9 UNITED STATES DISTRICT COURT 
 DISTRICT OF NEVADA 
10 
11 ALTERNATIVE PETROLEUM 
 TECHNOLOGIES HOLDINGS, 
12 CORP. andALTERNATIVE 
 PETROLEUM TECHNOLOGIES, 
13 INC., 
 Case Number 
14 Plaintiffs, 3:20-cv-00040-MMD-CLB 
15 vs. Exhibits to Defendant’s Emergency 
 Motion for Authorization to Issue Evidence
16 Preservation Subpoena 
 PATRICK GRIMES, 
17 
 Defendant. 
18 _______________________________ 
 ________________________________________________________________________
19 
 EXHIBIT 3 
20 - 
 NOTICES OF PUBLIC SALE –FEBRUARY AND MARCH 2021 
21 ________________________________________________________________________
22 
23 
BC | WEDNESDAY, FEBRUARY 10, 2021 | RENO GAZETTE JOURNAL 
Public Notices 
 MOTICE OF PUBLIC SALE 
 To satiety the owner's lien, PS Orange Co. inc. will sell at 
 ublic lien sole on February 25, 2071, the persongl property in the be- 
 jow-tistod units, which moy include bui ore not limited to: household 
 ond persona! ems, office ond offer equipment. The public sol of 
 these items will bein of 10:00 AM ond continue until oil units ore 
 sold. The tien tole k¢ to bo held of fhe online ouction website, wwwelo 
 rogelnedsures.com, where indicated. For online lien soles, bids will 
 be occeoted until 2 hours offer the time of the sole specif ied. 
 PUBLIC STORAGE # 73071, #450 5 Virginio 51, Reno, NY 89511, (775) 
 Sole to be beld of □□□□□□□□□□□□□□□□□□□□□□□□□ 
 AT) - Horlow, Dowglos; BO? - Christensen, Michorl; C34 - Nichols, Aw- 
 turnin O53 - Becoot, Chores 
 PUBLIC STORAGE # D028, 4875 $ MeCorran Blvd, Reno, NV 89502, 
 Sule fo be held of www.storagetreqsures.cam. 
 Olé = Rulz, Brwan:; 1086 - Harris, Terri; 2009 - Sanchez, Daniel: 2057 - 
 Goodwin, Alanc; 3008 - Hotfleld, Gorreth; 4417 - Dickey, Dokota; J608 
 - Squartsot?, Avia; 7117 - Moxley, William 
 PUBLIC STORAGE # 24335, 200 Telegraph Streel, Reno, WY 8202, 
 (77S) 376-081 
 Sole to be held of □□□□□□□□□□□□□□□□□□□□□□□□□□ 
 Al-H - Honel!, Jessico; Ald) - Alternative Petroleum Technologies 
 inc. Woldron, Jock; B0Q00-G - Ross, Ricky; B0G4-D - flores, lesthers 
 □□□ - Kirbis, Josh; Crz- Wough, Kolllee; D301 - Morales. Revolo 

6B | WEDNESDAY, FEBRUARY 17,2021 | RENO GAZETTE JOURNAL 
Public Notices 
 MOTICE OF PUBLIC SALE 
 To sotisty the owner's sto ib PS Orange Co. Inc. will sell at 
 eublic Hen sale on Peroary tt et the personal property in the be- 
 low-listecl units, which mey include but are not limited toc hausehold 
 ond personal items, office ond other orem. The cublic sole of 
 These items will begin af 10:00 AAA and continue until oll units ore 
 sold. The lien sate is to be held of the online auction website, waw.sto 
 ragetreasures.com, where Indicated. For online lien soles, bids will 
 be accepted until 2 hours after the time of the sabe specified. 
 PUBLIC STORAGE # 73073, 9450 5 Virginia St, Reno, WY 8511, (775) 
 Sale te be held of www-storogetrecsures.com. 
 437) - Horlow, Dovglas; B07 - Christensen, Michael: C34 - Nichols, Au- 
 fumn; 043 paces Chories 
 PUBLIC STOR □□ # 70082, 4075 5 McCorron Bivd, Reno, WV #7502, 
 oo We-F153 
 le te be held ot www-storogetrecsures.com., 
 Wid» Ruiz, Bryon 1086 = Horris, Terri; 2007 - Sanchez, Ganiel; 2052 - 
 Goodwin, Alona; 3004 - Hatfield, Garrett; a4]? - Dickey, Dokoto; 4608 
 Squerteott, al Tia? - Moxley, Willlam 
 PUBLIC STO EE #24535, 200 Telegraph Street, Reno, NV &50i, 
 be held of www.storoge 
 fe irecsures.com. 
 A10-H - Hanelt, Jeagica) Alél - Alternative Petroleum Technologies 
 Inc. Waldron, Jack: BOG04G - Ross, Ricky; B0G4-D - flores, lesther; 
 60460 - Kirbis, Josh; C252 - Waugh, Kolllee; 0301 - Moroles, Revolo

6A | TUESDAY, MARCH 9, 2021 | RENO GAZETTE JOURNAL 

 NOTICE OF PUBLIC SALE 
 To sotiaty the owner's storage lien, PS Oronge Co. Inc, will sell ot 
 public lien sole on March 25, 2071, the personal property in the be- 
 low-listed units, which moy inchace but are not limited to: household 
 end personal items, office ond other equipment. The public sole of 
 these items will Gegin of 10:00 AAA ond continue until off units ore 
 sold, The lien sole Is fo be held of the online ouction website, www.sho 
 rogeirecsures.com, where indicoted. For online lien soles, bids will 
 be oceepted until! 2? hours after the time of the sole specified, 
 oe STORAGE @ 7307), 3450 $ Virginia $1, Reno, MY GPS), (775) 
 Sole to be held at metw storeusiressert: com. 
 WW - Tolliver, Tosio; Add - Dolanomo, Rodney: Ald - Gelonora, Rod- 
 ey; C25 - Soldong-Morquez. Aldo 
 trai STORAGE W 20380, 4275 § McCarran Blvd, Rens, NV #9502, 
 Sale ta be hold af OE Alar ORahe ON ITOS. COND. 
 4 - Oryervnigk, Soroh; - Soncher, Donel; BOW - Rentrow, 
 Shannen; 3020 - Dickey. Dakota; #015 - Soloc, Alron! 6078 - Gil, Micho- 
 lon) Golingdo , Moro 
 eee STORAGE # 24535, 200 Telegraph Street, Reno, NV 87502, 
 Wie fo be held of www sforogetrecsures .com., 
 A104 - Askin, Andeew; A1M4-A - thurmean, kearo; 4141-4 - Bennet, 
 real; Ald3-F - Orin, Mark; Alél - Alternative Petroleum Tochnologics 
 Inc. Waldron, Jocks BO32-J - Pohe. Brenton Mothew: BOU?-F - Green, 
 deceb; CF . Myers, Melissa; CE -. Coldwell, Themes; Cay - 
 Huckobee, Dillon; 034d - Aguirre-Morquez, Adriana; Edt - Velosco, 
 Angel; F505 - lobste, Joromy 

8A | TUESDAY, MARCH 16, 2021 | RENO GAZETTE JOURNAL 
Public Notices 
 NOTICE OF PUBLIC SALE 
 To sotisfy the owner's storoge lien, PS Orange Co. Inc, will sell ot 
 pat lien sole on Morch 24, 2071, the pirsonol prooerty in the be- 
 -listed units. which meoy include but are nof limited to: household 
 ond persona! items, otice ond other equipment, The public sale of 
 these Hens will begin a! 10:00 AA and continue wotil all units ore 
 sold. The lien sole is to be held ot the online ouction website, wew, sto 
 ragetreasures.com. where indicated. For online lien soles, bids will 
 be occepied until 7 hours offer the time of the sale specified, 
 rueLie STORAGE # 23073, #450 5 Virginia $1, Reno, NV &PS511, (FPS) 
 Sale fo be held of Se ee ae 
 103 - Tolliver, Tosia; Aga - hanora, Rodney) □□□ - Delonoro, Roo- 
 hey; C35 - Saldene-Morguer, Aldo 
 PUBLIC STORAGE # 30787, 4875 3 McCorron Blvd, Reno, NV £9507, 
 a) 17-9153 
 fo be held of www storogetressures.com. 
 □ Caen, Soroh; 2009 - Sancher, Doniel; 3019 - Rentrow, 
 Shonnon) + Dickey, Gokota; 6015 - Snipe, Biron: 4078 - Gil, Nicho- 
 los; - Golindo , Marlo 
 PUBLIC STORAGE □□ 24535, 20 Telegraph Street, Reno, WV 89502, 
 (PIS) 376-9081 
 Sale to be held of area shor sastrnseures om. 
 Ald - Askin, Andrew: Al2-A - thurmon, keora; Ald)-A - Bennett, Is- 
 rool; Ald-PF = Orta, Mork; Ald) - Alternative Petrotoum Technologies 
 Inc. Waldron, Jock; BO92-J - Pohe, Brenton Mathew; BO37-F - Green, 
 Jecob; C777 - Myers, Melissa; C277 - Coldwell, Thormos; C229 - 
 Huckobee, Dillon; D346 - Aguirre-Morquer, Adriana; Eaid - Velosco, 
 Angel; FS - lobste, Joromy

1 CARL M. HEBERT, ESQ. 
 Nevada Bar #250 
2 2215 Stone View Drive 
 Sparks, NV 89436 
3 (775) 323-5556 
 carl@cmhebertlaw.com 
4 
 DANIEL S. BRETZIUS, ESQ. –PRO HAC VICE 
5 Dan B Law PLLC 
 75 South Main Street, #272 
6 Concord, NH 03301 
 (603) 731-2507 
7 dan@danblaw.com 
8 Attorneys for Defendant Patrick Grimes 
9 UNITED STATES DISTRICT COURT 
 DISTRICT OF NEVADA 
10 
11 ALTERNATIVE PETROLEUM 
 TECHNOLOGIES HOLDINGS, 
12 CORP. andALTERNATIVE 
 PETROLEUM TECHNOLOGIES, 
13 INC., 
 Case Number 
14 Plaintiffs, 3:20-cv-00040-MMD-CLB 
15 vs. Exhibits to Defendant’s Emergency 
 Motion for Authorization to Issue Evidence
16 Preservation Subpoena 
 PATRICK GRIMES, 
17 
 Defendant. 
18 _______________________________ 
 ________________________________________________________________________
19 
 EXHIBIT 4 
20 - 
 PRESERVATION LETTER TO PUBLIC STORAGE 
21 ________________________________________________________________________
22 
23 
 RR ER A STAT AT] DOR □□ □□ 
CARL M. HEBERT, ESQUIRE 
2215 Stone View Drive, Sparks, Nevada 89436 

May 6, 2021 

Public Storage #24535 
200 Telegraph Street 
Reno, NV 89502 
Ashley Henke, Northern Nevada Manager (ahenke@publicstorage.com) 
Devin Dance, Regional Manager (ddance@publicstorage.com) 
RE: Unit #A161—Preservation of evidence 
Dear Ms. Henke and Mr. Dance: 
| represent Patrick Grimes, who is a party in litigation involving Jack Waldron and 
Alternative Petroleum Technologies, Inc. (“APT, Inc.”). A copy of the complaint in 
Alternative Petroleum Products v. Grimes, case no. 3:20-cv-00040 in the United States 
District Court for the District of Nevada is attached for your use. We have recently learned 
that Jack Waldron previously rented Unit #A161 at Public Storage #24535, 200 Telegraph 
Street, Reno, NV 89502 (the “Storage Unit”) on behalf of APT, Inc. We have also learned 
that the rent for the Storage Unit has been in arrears, that the contents of the Storage 
Unit have been unsuccessfully advertised for sale, and that the contents of the Storage 
Unit are currently marked for destruction at any moment. 
It is our understanding that Public Storage has appropriate safeguards and processes to 
prevent destruction of the contents of the Storage Unit, which may contain valuable 
evidence in the referenced litigation. Because the contents of the Storage Unit are 
relevant to pending litigation involving Jack Waldron and APT, Inc., it is imperative that 
Public Storage take all efforts to cancel and prevent destruction of the contents of the 
Storage Unit. 
| greatly appreciate your assistance and cooperation with this matter. Should you have 

VOICE : 775-772-5556 « FAX : 775-323-5597 
EMAIL : CARL@CMHEBERTLAW.COM 

[APRS STG TTP RAE a RES pau RNR OR” oN □□ 

 any questions, please do not hesitate to contact me. — 

 Sincerely, 
 Cul. hoes 
 Carl Hebert, Esq. □ 

 Enclosure as stated 

1 CARL M. HEBERT, ESQ. 
 Nevada Bar #250 
2 2215 Stone View Drive 
 Sparks, NV 89436 
3 (775) 323-5556 
 carl@cmhebertlaw.com 
4 
 DANIEL S. BRETZIUS, ESQ. –PRO HAC VICE 
5 Dan B Law PLLC 
 75 South Main Street, #272 
6 Concord, NH 03301 
 (603) 731-2507 
7 dan@danblaw.com 
8 Attorneys for Defendant Patrick Grimes 
9 UNITED STATES DISTRICT COURT 
 DISTRICT OF NEVADA 
10 
11 ALTERNATIVE PETROLEUM 
 TECHNOLOGIES HOLDINGS, 
12 CORP. andALTERNATIVE 
 PETROLEUM TECHNOLOGIES, 
13 INC., 
 Case Number 
14 Plaintiffs, 3:20-cv-00040-MMD-CLB 
15 vs. Exhibits to Defendant’s Emergency 
 Motion for Authorization to Issue Evidence
16 Preservation Subpoena 
 PATRICK GRIMES, 
17 
 Defendant. 
18 _______________________________ 
 ________________________________________________________________________
19 
 EXHIBIT 5 
20 - 
 PROPOSED SUBPOENA TO PUBLIC STORAGE 
21 ________________________________________________________________________
22 
23 
AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action 
 UNITED STATES DISTRICT COURT 
 for the 
 District of Nevada 
Alternative Petroleum Technologies Holdings Corp. ) 
 Plaintiff ) 
 Vv. ) Civil Action No. 
 Patrick Grimes ) 

 Defendant ) 
 SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS 
 OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION 
To: PS Orange Co. Inc. d/b/a Public Storage 
 (Name of person to whom this subpoena is directed) 
 O Production: YOU ARE COMMANDED to produce at the time, date, and place set forth below the following 
documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the 
material: 

 Preservation: YOU ARE COMMANDED to preserve all documents, evidence, and/or contents located at: 
 Unit #A161, located at Public Storage #24535, 200 Telegraph Street, Reno, NV 89502 
 Inspection of Premises: YOU ARE COMMANDED to permit entry onto the designated premises, land, or 
other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party 
may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it. 

 The following provisions of Fed. R. Civ. P. 45 are attached — Rule 45(c), relating to the place of compliance; 
Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to 
respond to this subpoena and the potential consequences of not doing so. 
Date: 
 CLERK OF COURT 
 OR 
 Signature of Clerk or Deputy Clerk Attorney’s signature 
The name, address, e-mail address, and telephone number of the attorney representing (name of party) 
Defendant Patrick Grimes , who issues or requests this subpoena, are: 
 Carl Hebert, 2215 Stone View Drive, Sparks, NV 89436; carl@cmhebertlaw.com; (775) 323-5556 
 Notice to the person who issues or requests this subpoena 
If this subpoena commands the production of documents, electronically stored information, or tangible things or the 
inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before 
it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4). 

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2) 
Civil Action No. 3:20-cv-00040-MMD-CLB 
 PROOF OF SERVICE 
 (This section should not be filed with the court unless required by Fed. R. Civ. P. 45.) 
I received this subpoena for (name of individual and title, if any) 
on (date) . 
1 I served the subpoena by delivering a copy to the named person as follows: 

 on (date) ; or 
 I returned the subpoena unexecuted because: 

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also 
tendered to the witness the fees for one day’s attendance, and the mileage allowed by law, in the amount of 
$ 
My fees are $ for travel and $ for services, for a total of $ 0.00 . 

I declare under penalty of perjury that this information is true. 

Date: 
 Server’s signature 

 Printed name and title 

 Server’s address 
Additional information regarding attempted service, etc.: 

(c) Place of Compliance. (ii) disclosing an unretained expert’s opinion or information that does
 not describe specific occurrences in dispute and results from the expert’s
 (1) For a Trial, Hearing, or Deposition.A subpoena may command a study that was not requested by a party.
person to attend a trial, hearing, or deposition only as follows: (C)Specifying Conditions as an Alternative. In the circumstances
 (A) within 100 miles of where the person resides, is employed, or described in Rule 45(d)(3)(B), the court may, instead of quashing or
regularly transacts business in person; or modifying a subpoena, order appearance or production under specified
 (B) within the state where the person resides, is employed, or regularly conditions if the serving party:
transacts business in person, if the person (i) shows a substantial need for the testimony or material that cannot be
 (i) is a party or a party’s officer; or otherwise met without undue hardship; and
 (ii) is commanded to attend a trial and would not incur substantial (ii) ensures that the subpoenaed person will be reasonably compensated.
expense. 
 (e) Duties in Responding to a Subpoena. 
 (2) For Other Discovery.A subpoena may command: 
 (A) production of documents, electronically stored information, or (1) Producing Documents or Electronically Stored Information.These
tangible things at a place within 100 miles of where the person resides, is procedures apply to producing documents or electronically stored
employed, or regularly transacts business in person; and information: 
 (B) inspection of premises at the premises to be inspected. (A)Documents.A person responding to a subpoena to produce documents
 must produce them as they are kept in the ordinary course of business or
(d) Protecting a Person Subject to a Subpoena; Enforcement. must organize and label them to correspond to the categories in the demand.
 (B)Form for Producing Electronically Stored Information Not Specified.
 (1) Avoiding Undue Burden or Expense; Sanctions.A party or attorney If a subpoena does not specify a form for producing electronically stored
responsible for issuing and serving a subpoena must take reasonable steps information, the person responding must produce it in a form or forms in
to avoid imposing undue burden or expense on a person subject to the which it is ordinarily maintained or in a reasonably usable form or forms.
subpoena. The court for the district where compliance is required must (C)Electronically Stored Information Produced in Only One Form. The
enforce this duty and impose an appropriate sanction—which may include person responding need not produce the same electronically stored
lost earnings and reasonable attorney’s fees—on a party or attorney who information in more than one form.
fails to comply. (D)Inaccessible Electronically Stored Information. The person
 responding need not provide discovery of electronically stored information
 (2) Command to Produce Materials or Permit Inspection. from sources that the person identifies as not reasonably accessible because
 (A)Appearance Not Required. A person commanded to produce of undue burden or cost. On motion to compel discovery or for a protective
documents, electronically stored information, or tangible things, or to order, the person responding must show that the information is not
permit the inspection of premises, need not appear in person at the place of reasonably accessible because of undue burden or cost. If that showing is
production or inspection unless also commanded to appear for a deposition, made, the court may nonetheless order discovery from such sources if the
hearing, or trial. requesting party shows good cause, considering the limitations of Rule
 (B)Objections.A person commanded to produce documents or tangible 26(b)(2)(C). The court may specify conditions for the discovery.
things or to permit inspection may serve on the party or attorney designated 
in the subpoena a written objection to inspecting, copying, testing, or (2)Claiming Privilege or Protection.
sampling any or all of the materials or to inspecting the premises—or to (A)Information Withheld. A person withholding subpoenaed information
producing electronically stored information in the form or forms requested. under a claim that it is privileged or subject to protection as trial-preparation
The objection must be served before the earlier of the time specified for material must:
compliance or 14 days after the subpoena is served. If an objection is made, (i) expressly make the claim; and
the following rules apply: (ii) describe the nature of the withheld documents, communications, or
 (i) At any time, on notice to the commanded person, the serving party tangible things in a manner that, without revealing information itself
may move the court for the district where compliance is required for an privileged or protected, will enable the parties to assess the claim.
order compelling production or inspection. (B)Information Produced. If information produced in response to a
 (ii) These acts may be required only as directed in the order, and the subpoena is subject to a claim of privilege or of protection as
order must protect a person who is neither a party nor a party’s officer from trial-preparation material, the person making the claim may notify any party
significant expense resulting from compliance. that received the information of the claim and the basis for it. After being
 notified, a party must promptly return, sequester, or destroy the specified
 (3) Quashing or Modifying a Subpoena. information and any copies it has; must not use or disclose the information
 (A)When Required. On timely motion, the court for the district where until the claim is resolved; must take reasonable steps to retrieve the
compliance is required must quash or modify a subpoena that: information if the party disclosed it before being notified; and may promptly
 (i) fails to allow a reasonable time to comply; present the information under seal to the court for the district where
 (ii) requires a person to comply beyond the geographical limits compliance is required for a determination of the claim. The person who
specified in Rule 45(c); produced the information must preserve the information until the claim is
 (iii) requires disclosure of privileged or other protected matter, if no resolved.
exception or waiver applies; or 
 (iv) subjects a person to undue burden. (g) Contempt. 
(B)When Permitted. To protect a person subject to or affected by a The court for the district where compliance is required—and also, after a
subpoena, the court for the district where compliance is required may, on motion is transferred, the issuing court—may hold in contempt a person
motion, quash or modify the subpoena if it requires: who, having been served, fails without adequate excuse to obey the
 (i) disclosing a trade secret or other confidential research, subpoena or an order related to it.
development, or commercial information; or 
 For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).